R. G. MUSGROVE *v.* THE CATHOLIC CHURCH OF ST. LOUIS.

It seems that individuals have the right to sue for the abatement of a nuisance.
A cemetery is not *per se* a nuisance; special circumstances are requisite to make it such.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Filleul*, for plaintiff. *Preaux*, for defendant and appellant. ·

BUCHANAN, J. By an Act of the Legislature, approved March 16, 1848, entitled an Act to enlarge the powers of the wardens of the Church of St. Louis, of New Orleans, the defendants, a religious corporation of this State, were authorized to establish, within the limits of New Orleans, a cemetery for the burial of Roman Catholics; provided said cemetery. be established at a distance of at least one mile from the left bank of the river, and provided the consent of the Municipality in which the same may be located be first obtained.

At a sitting of the Council of Municipality No. Three, of the city of New Orleans, on the 18th November, 1850, resolutions were adopted which were ap-

proved by the Mayor on the 26th November, 1850, authorizing the defendants to establish a cemetery within the said Municipality, to wit: on land acquired by the Church Wardens from Mr. *Felix Labatut*, and in the resolutions described; also authorizing the Mayor to sign, on behalf of the Municipality, all notarial acts required by the defendants, in order to carry into effect the foregoing resolution.

On the 6th December, 1850, a notarial act was passed in pursuance of these resolutions, to which were parties the defendants and the Third Municipality of the city of New Orleans, and by which it was agreed that the defendants might establish a cemetery upon the land mentioned in the resolutions of the Municipal Council above recited, upon the conditions: 1st, That neither the Council nor the defendants should have the right of changing the destination of said cemetery, unless with the consent of the families or relations of the dead buried therein. 2d, That at least fifty indigent of the Third Municipality shall every year be buried in said cemetery, on the order of the Recorder, and at the expense of the defendants.

By the effect of the consolidation Act of 1852, the city of New Orleans, a new corporation created by that Act, succeeded to the rights and obligations of the municipal corporations previously existing, the Third Municipality included. By resolution, approved by the Mayor the 4th December, 1854, the corporation of the city of New Orleans repealed the resolutions of the Municipality No. Three of the November, 1850.

Up to the time of this repeal the defendants had done nothing towards availing themselves of the right given them by the Act of the Legislature, the resolutions of the Municipal Council, and the contract aforesaid, to establish a cemetery at or near the Bayou St. John. But between the 18th and the 22d January, 1855, they interred a dead body in the land mentioned in the said resolutions and contract.

The plaintiffs, proprietors of land in the neighborhood, have sued out an injunction to prohibit the defendants from continuing the interment of dead bodies at this place, on the grounds: 1st, That such use of the property is a nuisance prejudicial to the health and offensive to the feelings of the plaintiffs. 2d, That the authority to establish graveyards is vested exclusively in the Mayor and Aldermen of New Orleans, who have formally prohibited defendants from establishing the one now complained of by their resolution of the 4th December, 1854.

The defendants have questioned the right of plaintiffs to prosecute the abatement of a nuisance. Upon this point, however, the authorities seem to be in favor of plaintiffs. *Herbert v. Benson*, 2 An., 770.

The evidence does not establish the nuisance complained of. It is even doubtful whether the burial-ground of defendants is distinctly visible from the premises of the plaintiff. The latter fronts on the Bayou St. John, the cemetery of defendants fronts on Esplanade street. Besides, it is not shown that the cemetery of the defendants offends the senses of passengers or of residents in the neighborhood. The vicinity of a graveyard is undoubtedly unpleasant from associations with ideas the most repugnant to human nature, and frequently exaggerated by superstitious terrors. But it cannot be denied that a repository for the bodies of the dead is an indispensable part of every town or village, and, under the superintendence of a good police, there is not, necessarily, anything shocking or offensive to the senses in such a repository. On the contrary, a cemetery may be rendered one of the most attractive ornaments of a city, and it is believed that

such is the case with those of New Orleans in general. We would not, there- MUSGROVE
fore be prepared to say that the vicinity of a cemetery is, *per se*, a nuisance, ST. LOUIS CHURCH
without proof of special circumstances which would make it such. But in this
case not only are such circumstances entirely wanting, but the petition admits
that the municipal corporation has the power to locate cemeteries; and the proof
is, that the cemetery in question has been located not merely by a resolution of
the corporation, but by a formal contract before a Notary Public.

The repeal by the existing corporation of the resolutions adopted by the Third
Municipality involves very important questions of vested rights on the one side,
and of the police authority of the corporation on the other, which it is neither
necessary for the decision of the present cause nor proper now to decide, inas-
much as the city corporation is not a party to this suit.

It is therefore adjudged and decreed that the judgment of the District Court
be reversed, that the injunction herein issued be dissolved, and that there be
judgment for defendants, with costs of both courts.