BEGEIN and Another *v*. The City of ANDERSON.

CEMETERIES.—The authorities of a city have no power to prohibit the establishment of cemeteries or burying grounds outside of the city limits, nor have they any control over them when so established.

SAME.—STATUTE CONSTRUED.—The last clause of the fifth subdivision of section 34, (Acts 1865, Spec. Sess. p. 15,) which gives to the common council the power "to prohibit interments except in cemeteries heretofore established by law," can only relate to interments within the corporate limits.

SAME.—NUISANCE.—A cemetery is not of itself a nuisance, and the naked averment that it is such, in a complaint to enjoin its establishment, is not sufficient. The facts which make it such must be averred.

APPEAL from the *Madison* Common Pleas.

ELLIOTT, C. J.—This is an appeal from a judge's order at chambers, granting a temporary injunction, or restraining order, against the appellants, on a complaint filed by the appellee for an injunction.

Several questions are presented by the appellants' counsel, the first and most important of which is as to the sufficiency of the complaint to authorize the order complained of. The material allegations of the complaint are, that the defendant, *George Begein*, is the owner, in fee simple, of ten acres of land in the east half of the south-west quarter of section 13, in township 19, north of range 7, east, (which is particularly described in the complaint;) that said defendant is about to sell and convey to the other defendant, *John B. Crawley*, as the priest of the Roman Catholic church at *Anderson*, a portion of said ten acres of land for the uses and purposes of a cemetery, or burying ground for the dead, and that said defendants and their employees were then engaged in surveying, marking, plotting and monumenting the same for the purposes aforesaid; that said real estate is situated within about one-fourth of a mile from the present limits of said city of *Anderson*; that an appropriation of said ground for a permanent cemetery, or burial place for the dead, would be a perpetual nuisance

j

to said city and its inhabitants, and would materially retard the advance of improvements in all the southern portion of the city; that said defendants are pushing their labors with great rapidity, and unless immediately restrained will exhume and remove the dead from other grounds to those above described. Prayer that the defendants, and all others acting in concert with them, be perpetually enjoined from dedicating or appropriating said grounds, or any part thereof, to the uses of a cemetery or burying ground, and for other proper relief. The complaint was sworn to.

Assuming that the city of *Anderson* is incorporated under the general law providing for the incorporation of cities in this State, a fact which does not appear from the complaint, we find nothing in the law conferring on the city authorities power to prohibit the establishment of cemeteries or burying grounds by individuals, societies, or organized companies, outside of the city limits. The only provision found in that statute having any relation to the subject, is the fifth subdivision of section 34, (Acts of Spec. Sess., 1865, p. 15,) which confers on the common council the power "to establish cemeteries or burial places within or without such city, and to provide for the sanctity of the dead, and to prohibit interments except in cemeteries heretofore established by law." By this provision, power is conferred on the city authorities to establish cemeteries outside of the city limits. When that power is exercised, the common council is authorized by proper ordinances to regulate and control such cemeteries. But it does not authorize the common council to prohibit the establishment of cemeteries or burying grounds by others, without the corporate limits, nor give to the city any jurisdiction or control over such when established. *Bogert* v. *The City of Indianapolis,* 13 Ind. 134. The last clause of that subdivision, authorizing the common council "to prohibit interments, except in cemeteries heretofore established by law," can only relate to interments within the corporate limits. A

different construction would confer on the city jurisdiction, co-extensive with the limits of the county at least, to prohibit the establishment of all public or private cemeteries or burying grounds, not authorized by city authority. It cannot be supposed that the legislature intended to confer such a power.

The rather problematical averment in the complaint that the establishment of a cemetery on the grounds described would materially retard the advance of improvements in all the southern portion of the city, can afford no ground for an injunction. The 35th section of the act referred to, provides that "for the removal and abatement of nuisances, to carry out and enforce sanitary regulations," &c., "the common council shall have jurisdiction two miles beyond the city limits." But this section does not aid the complaint. The sanctity of the dead is respected in every civilized community. Cemeteries and burying grounds are not only recognized as necessary, but are authorized, provided for and protected by humane laws. It may be that a burying ground in the limits of a city, where the population is dense, may become a nuisance; but cemeteries and burying grounds are not *per se* nuisances, nor is the naked averment that they are such, without the statement of sufficient reasons to render them so, sufficient to authorize proceedings for their abatement or suppression. Here, the grounds upon which it is proposed to establish the cemetery are situated at least one fourth of a mile beyond the city limits, and it is not easily seen how it would be, or could become, a nuisance to the city, with its present limits, were its population never so dense; but there is no averment in the complaint that the nuisance would result from the fact of the crowded state of the city's population, nor are we aware that it is so, even historically. But if the common council had jurisdiction to declare the establishment of a cemetery within two miles, or any less distance, of the city limits, a nuisance, and restrain or abate it as such, still the complaint would

be defective, as it fails to show the passage of any. ordinance in reference thereto. It is clear to our minds that the complaint presents no cause for an injunction.

The restraining order is therefore reversed, with costs, and the cause remanded, with instructions to the court below to dismiss the complaint.

*J. W. Sansberry*, for appellants.

*M. S. Robinson*, for appellee.