## No. 6013.

### JACOB JUNG ET AL. *v.* J. C. NERAZ.

GRAVEYARD—NUISANCE—INJUNCTION—PARTIES.—Jung owned and resided upon a tract of land; with him lived one son; another with his family lived in a house upon the tract. Adjoining the Jung homestead lies a tract of land owned by the Roman Catholic church, the legal title being in Neraz, the bishop. Jung and his two sons joined as plaintiffs, sought to enjoin Neraz from establishing a cemetery upon the land, complaining that the burial of the dead in that place would poison the wells upon the land of complainants, would pollute the atmosphere and otherwise injure their homestead as a residence. *Held:*

(1) The bishop was the proper party defendant.

(2) That the sons of the owner in fee, residing upon their father's homestead, were properly joined as plaintiffs; and,

(3) That the allegations as to the threatened and permanent injury, etc., were grounds for equitable relief by injunction.

APPEAL from Comal. Tried below before the Hon. T. M. Paschal.

The opinion states the case.

*Guinn & Miller*, for appellants: 1. The pollution of undefined subterranean streams to the injury of another is a tort for which the courts will afford relief and is an injury of a very different kind from the diversion or obstruction of such streams. (High on Injunctions, secs. 485–493, note 9, p. 274; Goddard's Law of Easements, Bennett's ed., pp. 439, 68, 253; Bigelow on Torts, Students' Series, 253. Cases cited: Wheatley v. Chrisman, 24 Pennsylvania State, 298; O'Riley v. McCheeney, 3 Lans., 278; Merrifield v. Worcester, 110 Mass., 216; Hodgkinson v. Ennor, 4 B. & S., 229; also authorities cited under Proposition 2 below.)

2. The percolation or filtration of noxious matter through the soil, so as to corrupt the water of a well on the adjoining premises or the soil of said premises, is a nuisance which the courts will abate. (Rhodes v. Whitehead, 27 Texas, 316; Washburn's Easement and Servitude, 471; Goddard's Law of Ease-

ment's, Bennett's ed., 68, 253; Wood's Law of Nuisances, 707, secs. 693, 512; Brown v. Ollins, 25 Conn., 583; Clark v. Lawrence, 6 Jones's Eq., 83; Ball v. Nye, 99 Mass., 582; Wilson v. New Bedford, 108 Mass., 261; Ottawa Gas Light Co. v. Graham, 28 Ill., 73; Decatur Gas Light Co. v. Howell, 92 Ill., 19; Pottstown Gas Light Co. v. Murphy, 39 Penn. St., 257; Wahl v. Rembach, 76 Ill., 322; Broder v. Saillard, L. R., 2 Ch. D., 692, 700.)

3.   A cemetery may be so situated as to be a nuisance, even though managed in the ordinary manner. (Cooley's Con. Lim., 5 ed., p. 741, and cases in note; Dillon on Mun. Cor., sec. 306, and cases cited; Kerr on Injunc., 332; High on Injunc., sec. 493, note 9; Clark v. Lawrence, 6 Jones's Eq., 83, N. C. R.; Woodlawn Cemetery v. Everett, 118 Mass., 354; Barult v. Hathorne, 54 Maine, 124; Begein v. City of Anderson, 28 Ind., 79; 7 Cowan, 584; 5 Cowan, 538; 66 Penn., 433; 70 Ill., 91; 21 Conn., 213.)

4.   An act which pollutes and corrupts the air so as to produce a real and sensible damage to the occupiers of the adjoining premises constitutes a nuisance. (Burdett v. Swenson, 17 Texas, 489; Waco v. Powell, 32 Texas, 262; Bispham's Principles of Equity, p. 493, n. 4 and 490; Kerr on Injunctions, p. 360; High on Injunctions, sec. 490; Walter v. Selfe, 4 DeG. & S., 315; Crump v. Lambert, Law Review, 3 Eq., 409; Ross v. Butler, 4 C. E. Green, p. 294.)

5.   Any act that disturbs a person's peace of mind is a nuisance, provided it is of such a character as would produce a like effect upon all persons. (Bigelow on Torts, student's series, 243; Catlin v. Valentine, 9 Paige, 576; Coker v. Birge, 9 Ga., 425.)

6.   The defendant was the proper party to be sued. (High on Injunctions, secs. 539, 537, 246; Sedgewick & Wait, secs. 222 and 244, N. C. Reports; Jones on Equity, vol. 6, p. 83.)

7.   Misjoinder of parties plaintiff is not ground for dismissal as to proper parties. (Andrus v. Pettus, 36 Texas, 108.)

*William Aubrey*, for appellee: The court did not err in sustaining the general demurrer to plaintiff's petition, because the burial ground, the use of which was attempted to be enjoined not being a nuisance *per se,* but only susceptible of being rendered such by improper use, had not been used and therefore had not been and could not be, in anticipation, held

to be a nuisance. (Lake View v. Letz, 44 Ill., 81; Lake View v. Rose Hill Cemetery, 70 Ill., 191; same case, 22 Am., 74; Cooley on Torts, 600; Monk v. Packard, 71 Maine, 309; same case, 36 Am., 315; New Orleans v. Wardens, 11 La. Ann., 244; 1 High on Injunctions, secs. 740–742 and notes; Kingsbury v. Flowers, 65 Ala., 479; same case, 39 Am., 14 and note; 1 High on Injunctions, sec. 801; Wood on Nuisances, secs. 788 and 789.)

A tenant by sufferance can not join with the owners of the fee in a bill the object of which is the prevention or abatement of a nuisance. (Wood on Nuisances, secs. 780, 818, 826; 1 High on Injunctions, sec. 793; 14 Ala., 135; Page v. Townsend, 5 Sim., 395.)

ACKER, PRESIDING JUDGE. Appellants brought this suit against appellee to prevent him from establishing a cemetery upon a plot of four acres of land "situated in front of, contiguous and so near to appellants' residences that a cemetery there would render the homes of appellants unfit for habitation or the purposes for which they were designed, and thereby destroy their value and usefulness."

The writ of injunction was issued on the twenty-sixth of March, 1886, on the fiat of Hon. A. W. Dillard, "special district judge for Uvalde county."

The petition alleges that the title to the land on which appellants' residences are situated, is in Jacob Jung; that he is the father of the other appellants, who live in houses upon his land; that Jacob Jung is old and infirm, and has had his home upon said land for more than forty years; that on said premises are several wells of water used and valued for drinking and household purposes, and also ground much lower than the surface of the tract upon which appellee proposes to establish the cemetery, and in consequence of the contiguous and peculiar situations of said lands, the rain water which falls upon the tract proposed to be used for a cemetery soaks into and through the soil thereof, and through plaintiffs' soil into said wells, and likewise the subterranean streams supplying said wells flow through the soil of the proposed cemetery lands; that the interment of dead bodies in said land would infect, poison and injure said wells and the use of the low grounds, and, further, injure plaintiffs' health by the foul odors arising from the decomposition of said bodies; that appellee, as bishop and trustee of the Catholic church, owns the land upon which he

proposes to locate said cemetery; that the establishment of the cemetery and burying dead bodies therein would render appellants' homes uninhabitable, and drive appellants from them. Appellee answered by general demurrer and special demurrer as follows:

1. That it does not appear from the petition that the defendant is a person or corporation capable of suing or being sued.

2. That there is a misjoinder of parties plaintiff.

3. That there is no equity in the bill. The demurrers were sustained and judgment rendered for appellee. It is contended by appellants that the court erred in sustaining the demurrers, and in determining this question all of the material allegations of the petition must be taken as proved.

We think it sufficiently appears that appellee is a person capable of suing and being sued, and therefore conclude that the court erred in sustaining the first special exception.

Each and all of the appellants were in possession of the land and premises to be injuriously affected by the proposed location of the cemetery, residing thereon and using water from the wells situated thereon. Each had the right to the enjoyment of his possession, and all had a common interest in protecting their possessions against an act that "worketh hurt, inconvenience or damage" thereto. We think there was no misjoinder of parties plaintiff, and that the court erred in sustaining the second special exception. (Barbour on Parties, 511; Dicey on Parties, 357; Ingraham v. Dunnell, 5 Metc., 125; High on Injunctions, sec. 793.) Without here reciting the allegations of the petition, we deem it sufficient to say that, in our opinion, the petition states a case that entitles appellants to the relief sought. (Burdett v. Swenson, 17 Texas, 501; Ellison v. Commissioners, 5 Johns's Eq., N. C., 57; Clark v. Lawrence, 6 Johns's Eq., N. C., 83; Barnes v. Hathorn, 54 Me., 124.)

We are of the opinion that the judgment of the court below should be reversed and cause remanded.

*Reversed and remanded.*

Opinion adopted October 16, 1888.

STAYTON,
*Chief Justice.*