## CLINTON CEMETERY ASSOCIATION *et al.* v. McATTEE.

### No. 1398.    Opinion Filed September 13, 1910.

#### (111 Pac. 392.)

1.    NUISANCE—Cemeteries—Abatement—Persons Entitled to Sue.
      Section 966, Comp. Laws Okla. 1909 (section 625, Wilson's Rev.
      & Ann. St. Okla. 1903), providing, "It shall be unlawful for any
      person, company, corporation or association to establish and use
      for burial purposes, any graveyard or cemetery located less than
      three-fourths of one mile from any tract of land platted as an
      addition to any city or town within the territory of Oklahoma,
      wherein lots have been sold in good faith, prior to the time
      that such cemetery was located and set apart to the burial of
      the dead. It shall also be unlawful for any person, company,
      corporation or association to maintain and use for burial pur-
      poses, any graveyard or cemetery located less than three-fourths
      of one mile from any tract of land platted into blocks to be
      sold for residence purposes within the territory of Oklahoma
      wherein lots may have been sold in good faith prior to the
      time that such cemetery was located and set apart to the burial
      of the dead," and section 967, Comp. Laws 1909 (section 626,
      Wilson's Rev. & Ann. St. 1903; section 768, St. Okla. T. 1893),
      providing, "the maintaining of any slaughter house or location
      and use of any graveyard or cemetery in violation of the pro-
      visions of this act, are declared to be a nuisance, and any per-
      son owning real estate within any such addition to a town or
      city. or within the lands platted and set apart to be sold for
      residence purposes may maintain an action in the courts to
      abate such nuisance and enjoin their continuance, and if it ap-
      pears that they are being carried on in violation of this act, a
      perpetual injunction shall be granted against the parties main-
      taining such nuisance," held, that the latter section limits the
      persons authorized to bring an action under said sections to
      owners of real estate as described therein, and an action brought
      by one who is not an owner of real estate as provided under
      said section, or officer as provided under section 968, Comp.
      Laws Okla. 1909 (section 627, Wilson's Rev. & Ann. St. Okla.
      1903; section 769, St. Okla. T. 1893), must bring himself within
      the provisions of chapter 71, Comp. Laws Okla. 1909 (chapter 56,
      Wilson's Rev. & Ann. St. Okla. 1903), entitled "Nuisances."

2.    NUISANCE—Injunction—Cemeteries—Sufficiency of Petition. A
      court of equity has undoubted jurisdiction to restrain by in-
      junction the commission or continuance of a private nuisance,
      but when the thing complained of is not a nuisance per se,
      and is not declared a nuisance by a judgment at law, a case of

pressing necessity must be shown before the court will inter-
fere to prevent or restrain it.

(a) A burial ground is not per se a nuisance to a person
living in its immediate vicinity, and, when he seeks to enjoin
the further use or the establishment of a private burial ground
or cemetery near his house, it is not sufficient to allege in
general terms probable injury to the health of his family by the
pollution of the air and water or other injuries and consequences.
He must state facts from which the court can clearly see that
such circumstances will most probably result.

(Syllabus by the Court.)

*Error from District Court of Custer County; J. R. Tolbert, Judge.*

Action by Benton McAttee against the Clinton Cemetery As-
sociation and others. Judgment for plaintiff, and defendants bring
error. Reversed and remanded, with instructions.

*Randolph & Lindley,* for plaintiffs in error.—Citing: *Dunn v.
City of Austin* (Tex.) 11 S. W. 1125; *Jung v. Neraz* (Tex.) 9
S. W. 344; *Adams v. Michael,* 38 Md. 123; *Monk v. Packard,* 71
Me. 309; *Begein v. City of Anderson,* 28 Ind. 79; *Lake View v.
Lutz,* 44 Ill. 81; *Kingsbury v. Flowers,* 65 Ala. 479.

*Snodgrass & Darnell,* for defendant in error.

WILLIAMS, J. The defendant in error, as plaintiff, insti-
tuted an action in the district court of Custer county, state of
Oklahoma, to enjoin the plaintiffs in error as defendants from
entering upon a certain thirty acres of land and establishing a
cemetery or burial grounds thereon. A demurrer being interposed,
the same was overruled, and defendants answered. After trial,
before the court without the intervention of a jury, judgment was
rendered in favor of the plaintiff, perpetually enjoining the de-
fendants as prayed. By proceeding in error, the action of said
court is properly here for review.

Section 966, Comp. Laws Okla. 1909 (section 625, Wilson's
Rev. & Ann. St. Okla. 1903), provides:

"It shall be unlawful for any person, company, corporation or
association to establish and use for burial purposes, any graveyard
or cemetery located less than three-fourths of one mile from any
tract of land platted as an addition to any city or town within

the State of Oklahoma, wherein lots have been sold in good faith, prior to the time that such cemetery was located and set apart to the burial of the dead. It shall also be unlawful for any person, company, corporation or association to maintain and use for burial purposes, any graveyard or cemetery located less than three-fourths of one mile from any tract of land platted into blocks to be sold for residence purposes within the Territory of Oklahoma wherein lots may have been sold in good faith prior to the time that such cemetery was located and set apart to the burial of the dead."

Plaintiff neither alleges nor proves that he owns lots in any tract platted as an addition to said city, etc. Such was essential. *Weaver v. Kuchler et al.*, 17 Okla. 189, 87 Pac. 600. But does the petition state a cause of action under the provisions of Comp. Laws Okla. 1909, c. 71 (Wilson's Rev. & Ann. St. Okla. 1903, c. 56) ?

In *Weaver v. Kuchler et al, supra,* it was held:

"Where a slaughter house has been enjoined as a nuisance, and on the hearing of a motion to dissolve the evidence shows that it is not a nuisance *per se,* and that it can be carried on so as not to constitute a nuisance, the injunction will be modified so as to permit its usage in an unobjectionable manner."

In *Kingsbury v. Flowers,* 65 Ala. 479, 39 Am. Rep. 14, the late Chief Justice Brickwell, in speaking for the court, said:

"The allegations of the present bill are that the graves now on the grounds are west of south of complainant's dwelling. The one nearest is 182 feet from the well on his lot. The whole burial ground is on more elevated ground that his lot, and there is a fall of from four to five feet from the surface of the graves to the surface of the well. The natural course of the surface water from the burial ground is through the lot of complainant, and near the well. He has been compelled to cut a ditch to turn the surface water and surface drainage from his yard and well. There is the further general allegation that any further interments on these gounds will endanger the health of complainant and his family by corrupting the water of the well and polluting the atmosphere. The first burial on the ground was in 1863, and the last in 1874; and it is not averred that there was from either any pernicious consequence to the complainant or to his family, nor that any harm thus far has been suffered from use of the grounds as a burial place. These averments are too general and

indefinite to authorize the interference of a court of equity. Facts and circumstances should have been stated distinctly, from which the court could see plainly that, if future interments on these grounds are not prevented, there would be a diminution of the complainant's enjoyment of his dwelling; and at least probable injury to the health of his family. It is not enough to allege simply that such consequences will result. There must be such a clear, precise statement of facts that there can be no reasonable doubt, if the acts threatened are completed, grievous injury will result. *Adams v. Michael*, 38 Md. 128 [17 Am. Rep. 516]; *Begien v. City of Anderson*, 28 Ind. 79. Burial places for the dead are indispensible. They must be the property of the public, devoted to the uses of the public; or the owner of the freehold may devote a part of his premises to the burial of his family or friends. It is but a just exercise of his dominion over his own property. Neither adjoining proprietors, nor the public, can complain, unless it is shown that, from the manner of burial, or some other cause, irreparable injury will result to them. It is quite an error to suppose that of itself a burying ground is a nuisance to those living in its immediate vicinity. Much depends upon the mode of interment, whether it can be justly asserted that, in any event, injury will result from it. The particular locality, and its surroundings, must also be considered. Low, damp grounds, percolated by water, will hasten decomposition, and the soil will be saturated with its products. Dry, high, well ventilated localities retard, rather than hasten, decomposition; and if, in a brief space of time, there were numerous burials, there might be great peril of the products of decomposition escaping into and polluting the atmosphere. There is not a fact stated in the bill from which it can be justly inferred that, if the burials on these grounds should be made in the usual mode, or in the mode in which the former burials were made, any injury could result to the complainant. The surface water flowing through his lot is but taking its natural course; and by cutting a ditch he has diverted it from his well, avoiding all injury from it, if any could reasonably be apprehended. The apprehension of injury from this source, it is evident, could be quieted by but slight labor expended in drainage —a labor, it may be, if requested, the defendants would have performed, rather than to have been forced into litigation. * * * *Rosser v. Randolph, supra.* It is not such an injury, capable of being remedied so easily, that a court of equity will interfere to restrain; nor will it interfere to prevent the thing from which it

is apprehended. Without the averment of special circumstances, from which the court can be satisfied that future burials on these grounds will most probably result in a nuisance, from which the complainant will suffer special injury, irreparable by the ordinary remedies at law, there should not be interference to restrain them. *Musgrove v. St. Louis Church,* 10 La. Ann. 431; *New Orleans v. Wardens,* 11 La. Ann. 244; *Ellison v. Commissioners,* 58 N. C. 57 [75 Am. Dec. 430]; *Lake View v. Letz,* 44 Ill. 81; *Lake View v. Rose Hill,* 70 Ill. 191 [22 Am. Rep. 71]; *Begein v. City of Anderson,* 28 Ind. 79."

In *Jung et al. v. Neraz,* 71 Tex. 396, 9 S. W. 344, it is said that the plaintiff "has had his home upon said land for more than forty years; that on said premises are several wells of water used and valued for drinking and household purposes, and also ground much lower than the surface of the tract upon which appellee proposes to establish the cemetery, and, in consequence of the contiguous and peculiar situations of said lands, the rain water which falls upon the tract proposed to be used for a cemetery soaks into and through the soil thereof, and through plaintiff's soil, into said wells, and likewise the subterranean streams supplying said wells flow through the soil of the proposed cemetery lands; that the interment of dead bodies in said land would infect, poison and injure said wells, and the use of low grounds, and further injure plaintiff's health by the foul odors arising from the decomposition of said bodies; that appellee, as bishop and trustee of the Catholic Church, owns the land upon which he proposes to locate said cemetery; that the establishment of the cemetery and burying dead bodies therein would render appellants' homes uninhabitable, and drive appellants from them." The petition was held sufficient against demurrer.

In *Dunn v. City of Austin,* 77 Tex. 139, 11 S. W. 1125, the court said:

"That a cemetery is not a nuisance *per se* would seem to be a self-evident proposition, and is well settled by the authority of many adjudicated cases. There is no doubt, however, that from -its locality or manner of use it may become a nuisance. The inquiry in this case is, does the petition allege the existence of such

facts as show with reasonable certainty that a nuisance will be brought into existence, and that the petitioners and those whom they assume to represent will suffer injury thereby unless the relief prayed for is granted?"

The court further said:

"In view of the rules applicable to the pleadings in cases of this character, do the averments of the petition show such facts as entitle appellants to the relief sought? There is no averment whatever as to the contemplated mode of sepulture, and the entire basis of the claim that injury will result from the addition of the cemetery in use is found in the fact that the addition is somewhere in the vicinity in which appellants and others own property and reside. It is not averred that any part of the lands so owned are even contiguous to that intended to be added, and, so far as can be ascertained from the petition, the one may be so far removed from the other as to render injury impossible. In the fourth paragraph of the petition, it is alleged that the lands owned and inhabited by petitioners, and those for whom they act, consisting of outlots whose sizes are not stated, lie in the neighborhood of outlot 40, on which is the old cemetery; that the lands so owned almost surround that cemetery, some only of which are adjacent thereto, while others are separated therefrom by intervening property. * * * It may be that proximity to a cemetery will render property less valuable than it would otherwise be, but this furnishes no reason why the owner of ground so used should be restrained from continuing the use so long as that does not create a nuisance. The case of *Jung v. Neraz,* 71 Tex. 396, 9 S. W. Rep. 344, is cited in support of the sufficiency of the petition in this case, but the averments of the petition in that case were as specific as in case of threatened injury of the character complained of they could well be made."

In *Braasch et al. v. Cemetery Ass'n of the Evangelical Lutheran Christ Soc. et al.,* 69 Neb. 300, 95 N. W. 646, it is held:

"(1) A court of equity will enjoin the use of a tract of land for cemetery purposes so situated that the burial of the dead there will injure life or health either by corrupting the surrounding atmosphere, or the water of wells or springs. (2) A burial ground near dwellings is not necessarily a nuisance, and the court will only interfere and enjoin its use on clear and convincing proof of probable injury."

The facts in support of the enjoining of the establishment and

maintenance of the cemetery were stronger than in the case at bar. In that case the court said:

"It is the settled law of this state that a use made by one of his property which works an irreparable injury to the property of his neighbor, or whereby the unwritten but accepted law of decency is violated, or which deprives his neighbor of the reasonable and comfortable use of his property, or will probably injure the health or life of his neighbor, is a private nuisance and may be enjoined. * * * It is equally well settled that in such a case, to authorize an injunction, it must be established by satisfactory evidence that the threatened or apprehended injury will probably result. It is also the rule that a burial ground near dwellings is not necessarily a nuisance, and its use can only be enjoined on clear proof of probable injury."

After considering in detail the evidence in the case, the court, in denying the injunction, said:

"In order to authorize a court of equity to interfere, it must be made to clearly appear by competent evidence that it is reasonably certain that the anticipated injuries will probably occur. The law protects against real wrong and injury combined, but not against either or both when merely conjectural or fanciful."

The plaintiff here alleges that:

"The defendant association * * * have undertaken to purchase and accept from the defendant Ruble a conveyance for cemetery purposes of a tract of 30 acres of land, * * * which said 30 acres lies across the section line and adjacent to the plaintiff's home, being separated therefrom only by the public roadway, a distance of about 66 feet; that all of the said 30 acres drains towards plaintiff's said dwelling house and his cistern, situate near, so as to allow all the drainage from the cemetery grounds, if so established, to flow in the direction of the plaintiff's house and cistern; that the defendant's unless restrained, will proceed to complete the laying out and establishing a cemetery grounds on said 30 acres of land, which they have already commenced to do, bordering within about 66 feet of and draining towards plaintiff's house and cistern and premises where he resides and has his family, all of which will result in great and irreparable injury to the plaintiff, and that the plaintiff has not adequate remedy at law; that plaintiff's home is situated on the only desirable site for residence on said land; that no necessity exists or

ever has existed for the location of a cemetery in front of plaintiff's home as hereinbefore set out; that said acts of defendants being permitted to be performed would be wholly illegal, and would work great and irreparable injury to plaintiff, and that he has not adequate remedy at law; that said 30 acres of land, upon which defendants are attempting and beginning to establish a cemetery as hereinbefore set out, is located within less than three-fourths of one mile from a tract of land platted into blocks or tracts and to be sold for residence purposes within said county, and wherein lots or tracts have been sold in good faith prior to the time that said defendants attempted and commenced to establish said cemetery as set out therein; that the location of same within said distance of plaintiff's dwelling house will, if permitted to be done, endanger the lives of plaintiff and his family, for which reason said act would be a special injury to this plaintiff; that, in addition to resulting in actual physical discomfort to plaintiff and his family, said location would greatly impair the value of plaintiff's property; that said acts of defendants, if permitted to be done, would cause plaintiff great mental and bodily pain, and injury different in kind and in addition to that suffered by the general public."

Although, after the trial court overruled the demurrer, the defendants' exceptions being saved thereto, not electing to stand on their demurrer so as to at once have the action of the trial court reviewed, but answering, that does not preclude the demurrant from having such action reviewed when the case has been finally tried, if it is tried on the petition against which the demurrer was leveled. *Un. Pac. Ry. Co. v. Estes,* 37 Kan. 230, 15 Pac. 157; *M. P. Ry. Co. v. Webster,* 3 Kan. App. 106, 42 Pac. 845; *O. & W. T. Co. v. Carter,* 9 Kan. App. 621, 58 Pac. 1040. Was the petition sufficient to withstand the general demurrer? Eliminating the conclusions of law, all that is well pleaded is that the 30 acres of land upon which it is proposed to establish the cemetery or burying ground is on the opposite side of the road from his dwelling; that the cemetery grounds are more elevated and drain toward said dwelling house, cistern, and well, and that, unless defendants are restrained, they will proceed to complete the laying out and establishing the said burying ground. We have, however,

examined the evidence, and it does not make as strong a case as is pleaded; for the evidence shows that only about 5 acres of the 30 acres of the proposed cemetery ground drains toward plaintiff's dwelling, cistern, and well.   Under the authorities hereinbefore quoted from, this petition was insufficient, and the demurrer thereto should have been sustained.

The judgment of the lower court is reversed and remanded, with instructions to sustain said demurrer.

All the Justices concur.