CITY OF SAN ANTONIO et al. v. HAMILTON et al. (No. 5643.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 17, 1915.)

1. NUISANCE ☞19—WHAT CONSTITUTES—INJUNCTION.

When a business lawful in itself becomes obnoxious to neighboring dwellings, rendering their enjoyment uncomfortable by smoke, noise, offensive odors, or otherwise, it is a nuisance which equity will restrain.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 55; Dec. Dig. ☞19.]

2. NUISANCE ☞31 — TEMPORARY INJUNCTION —GROUND OF ISSUANCE.

Where there was a showing that the construction of a garbage incinerator in the vicinity of plaintiffs' residences would render their enjoyment uncomfortable by reason of offensive odors, attracting swarms of flies, etc., the construction of the incinerator will be enjoined until after hearing, notwithstanding the contract for the work provided that it should be odorless and it was the intention of the city to haul garbage in covered wagons.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 72–76; Dec. Dig. ☞31.]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by R. W. Hamilton and others against the City of San Antonio and others. From an order granting temporary injunction, defendants appeal. Affirmed.

Geo. R. Gillette and R. J. McMillan, both of San Antonio, for appellants. Swearingen & Ward, John H. Bickett, Jr., and P. L. Ripley, all of San Antonio, for appellees.

CARL, J. Appellees, R. W. Hamilton and about 100 others, applied to the Seventy-Third district court for an injunction to restrain the city of San Antonio, San Antonio Machine & Supply Company, E. M. Groos, and the Decarie Incinerator Company from erecting and using an incinerator plant on about 20 acres of land in the said city, bounded by North Dakota street on the north, St. Charles street on the east, Iowa street on the south, and South Palmetto street on the west, which land the city owned. After a hearing,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the court granted a temporary injunction, and this appeal is from that order.

The bill charged that said defendants were at the time in the process of completion of this plant; that said plant would be used for the incineration of garbage, dead animals and other refuse; that it would emit large quantities of smoke and gas, and would be equipped with large smokestacks which would be ungainly and unsightly, all to the great discomfort, annoyance, and inconvenience of plaintiffs, who allege that they own homes within a radius of four blocks of the proposed site. Plaintiffs further alleged that it would be necessary to haul the garbage past their homes in order to reach the incineration plant; that large numbers of flies would be there accumulated, spreading millions of germs, etc.; that large quantities of obnoxious, unhealthy, and dangerous gases would be emitted and borne by the breezes into their respective homes and residences; further, that the smoke from the stacks would blacken their homes and cover the tombstones in St. Mary's and Hermann Sons' Cemeteries, and cause the shrubbery growing there to blacken, wither, and decay. They further charge that they are residents and taxpayers of the city of San Antonio, and that the erection of the incineration plant there would render the city of San Antonio liable for innumerable damages, which would be paid by them, as well as other taxpayers. It should also be said that the Hermann Sons and St. Mary's Cemetery were parties plaintiffs, it being alleged that the Hermann Sons owned a cemetery near the incineration plant, where the order buried its dead and the members of their families.

Defendants the city of San Antonio and the officials of the city of San Antonio replied to this petition by a general demurrer, which was overruled by the court. Answering to the merits, the city denied that the incinerator would constitute the nuisance complained of, and alleged, on the contrary, that the same would be operated in an efficient, clean, and sanitary manner; that the garbage would be transported to the plant in covered wagons; that the incinerator would be constructed of neat red brick and would constitute no defacement to the neighborhood; that it would be operated without odors or noxious vapors or gases, the same being constructed under a guaranty that all material delivered to the incinerator should be evaporated without creating any obnoxious odors or gases. The city further alleged that it was the purpose and intention of the city to construct three additional incinerators, locating the same in various portions of the town; that the incinerator complained of in this case was to be used only for the consumption of a portion of the garbage of the city, namely, the garbage collected in that part of the city adjacent to the incinerator itself.

The city, further answering, alleged:

"These defendants represent to the court that this incinerator is guaranteed by the Decarie Incinerator Company to operate in a clean, sanitary, and odorless manner, and under the terms of the contract the city is not to accept same nor pay for it until it has been demonstrated that the incinerator will operate in such a way. The honorable court will therefore see that, as the matter now stands, the city is not obligated to accept the incinerator, unless it is in all things in compliance with the contract, in which event the incinerator will not be a nuisance. This court will therefore not anticipate the action of the city by issuing a premature writ of injunction restraining it, as the matter now stands. For the information of the court, these defendants attach hereto the contract entered into by the city of San Antonio with the Decarie Incinerator Company, which shows the kind and character of the incinerator contracted for, and defendants now ask leave of the court at a convenient time to detach same and return it to the archives at the city hall, as it is the only copy in the possession of the city of San Antonio. We direct the special attention of the court to the following provision of the contract: 'We guarantee that all materials as specified delivered to the incinerator shall be evaporated and incinerated to a complete mineral ash without creating any obnoxious odors or gases.' There is nothing in the character of the incinerator provided for by this contract which can possibly constitute a nuisance warranting abatement, and the only possible grounds for complaint that plaintiffs can have would grow out of the manner of the operation of the incinerator. This honorable court will not presume in advance that the city is going to violate its duty in the operation of this plant, nor presume that the city is going to operate it in such a manner as to constitute a nuisance to its citizenship. The extraordinary equitable powers of this court will not be used to restrain the city of San Antonio and its officials in the conduct of the business of the city upon fanciful, speculative, or imaginary grounds. These defendants therefore say that plaintiffs are premature in asking for this writ of injunction."

Further answering, the city pleaded the various provisions of the charter authorizing the governing body of the city to make all regulations necessary for the protection and promotion of the public health, further alleging that the city commissioners, in the exercise of their discretion, had selected this place for the incinerator, that the same was a site owned by the city of San Antonio, lying in a sparsely settled portion of the city, and that the selection had been made after the consideration of many places, and with due regard to the rights of all parties.

The Decarie Incinerator Company, Ernest M. Groos, and the San Antonio Machine & Supply Company filed a general demurrer and general denial.

In response to the defendants' answers, plaintiffs filed their first supplemental petition, praying the court to restrain the city from experimenting with this incinerator until a final trial could be had upon its application for a permanent injunction.

As we view this case, since it is from the granting of a temporary injunction, the object of which is to preserve the status quo of the property, our inquiry should only concern itself with whether the trial court

abused its discretion in granting the temporary injunction, or as to whether the evidence is sufficient reasonably to raise the issue as to whether the plant, when completed and in operation, by the mode and manner of its use, would constitute a nuisance.

There is evidence in the record which tends to prove that a similar plant at Corpus Christi is a nuisance, and two physicians testified that the hauling and concentrating dead animals at that place, with their accompanying flies, vermin, and foul gases, would be a menace to the health of plaintiffs and all those living in that neighborhood.

[1, 2] "The law may be regarded as settled that, when a business, although lawful in itself, becomes obnoxious to neighboring dwellings and renders their enjoyment uncomfortable, whether by smoke, cinders, noise, offensive odors, noxious gases, or otherwise, the carrying on of such business is a nuisance which equity will restrain." High on Injunctions, § 772.

And in section 4 of 1 High on Injunctions it is said:

"The sole object of an interlocutory injunction is to preserve the subject in controversy in its then condition and without determining any question of right, merely to prevent the further perpetuation of wrong or doing of any act."

That a temporary injunction may be granted when a probable right or probable danger is shown is well settled. Such an order in no manner determines the rights of the parties on the trial, but merely preserves the status quo until those rights may be determined upon final trial on the merits. Again referring to High on Injunctions in regard to temporary orders:

"They merely recognize that a sufficient case has been made out to warrant the preservation of the property or the rights in issue in status quo until a hearing upon the merits, without expressing, and indeed without having the means of forming a final opinion as to, such rights."

In the case of Jung v. Neraz, 71 Tex. 399, 9 S. W. 344, the petition charged that the defendants were establishing a cemetery on land higher than and contiguous to complainant's, and that the decaying, putrid matters from dead bodies would be washed down and would soak through the ground into the wells of the plaintiffs, thus rendering them dangerous to health. The Supreme Court said that this entitled the plaintiffs to a restraining order; and we do not think this rule has ever been changed in Texas.

The rule is that, if it be made reasonably to appear that the homes of plaintiffs would be rendered less comfortable, or that their health would be jeopardized, by the concentrating and burning of garbage and dead animals, a temporary injunction would properly issue pending the determination of the issues upon a trial. Lowe v. Prospect Hill Cemetery Ass'n, 58 Neb. 94, 78 N. W. 488, 46 L. R. A. 241; Jung v. Neraz, 71 Tex. 396, 9 S. W. 344; Kingsbury v. Flowers, 65 Ala. 484, 39 Am. Rep. 14; Rouse v. Martin, 75 Ala. 514, 51 Am. Rep. 463; Clark v. Lawrence, 59 N. C. 83, 78 Am. Dec. 241; Dunn v. City of Austin, 77 Tex. 146, 11 S. W. 1125.

We cannot agree to the contention of the city that it should be permitted to experiment so as to determine whether the plant can be operated without injurious consequences; that is, in so far as the issuance of a temporary injunction is concerned. The evidence does tend to show that the operating of same would endanger the health and comfort of plaintiffs. Their physicians say that the flies which feed and fatten on the putrid matters there to be concentrated would take refuge in their homes, that they would bear disease germs with them, etc., and that foul and noxious gases would be given off, much to their discomfort and danger.

We determine no issue in this case, and are not called upon to determine any, save whether the trial court abused his discretion in granting a temporary injunction, and, since there was evidence given upon the hearing which tends to substantiate the allegations of the petition that a nuisance is about to be created on Knob Hill by the erection and operation of this incinerator, we would not be justified in saying that the trial court erred in maintaining the status quo until the issues can be determined by a trial on the merits.

Judgment affirmed.