**LOS ANGELES HEIGHTS INDEPENDENT SCHOOL DIST. et al, v. CHESTNUT et al.**
(No. 7734.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1926.)

**1. Equity ⊚⇒71(1).**

Parties applying for equitable relief must show diligence in requesting relief after exhausting legal remedies.

**2. Injunction ⊚⇒113—Delay in seeking injunction, placing parties to be restrained in worse position than if there had been prompt action, may defeat injunction.**

Power to interfere by injunction with affairs of citizen is governed by equitable principles, and any delay placing parties to be restrained in worse position than if there had been prompt action may defeat injunction.

**3. Injunction ⊚⇒113.**

Effect of delay will be considered in testing right to bill for injunction.

**4. Equity ⊚⇒72(1).**

One has no right to act or remain inactive when action is demanded causing another to change his condition so that damage will be inflicted by granting of remedial writ.

**5. Equity ⊚⇒71(1).**

Whether delay in seeking equitable redress will estop parties from obtaining redress does not depend on lapse of time alone, but on all circumstances of case.

**6. Schools and school districts ⊚⇒111—Injunction will not be granted to taxpayers to restrain removal of school pending appeal to state superintendent, where because of delay in appealing from removal order such relief would be inequitable.**

Taxpayers delaying appeal from order of board of trustees of school district changing location of school for two weeks, during which time innocent parties exchanged their property for school and contracts were entered into, cannot obtain injunction to restrain removal of school pending such appeal.

**7. Injunction ⊚⇒118(1).**

In suit to restrain erection of school building, allegation, that taxpayers' appeal from order of board of trustees of school district changing location of school was in compliance with statutes, was a mere legal conclusion and not a statement of facts.

**8. Schools and school districts ⊚⇒111—Taxpayers seeking to restrain removal of school failing to allege that board of trustees acted secretly are presumed to have had notice of order of removal and contract for new school.**

In absence of allegation in taxpayer's suit to enjoin removal of school that resolution to move, exchange of property, and contract for school building were secretly entered into, it is presumed that such acts were done openly with full knowledge by taxpayers.

**9. Schools and school districts ⊚⇒61.**

Though no time for taking appeal from action of board of trustees of school district is prescribed, such diligence must be used and notice of intention to appeal given as will prevent innocent parties from being injured.

**10. Schools and school districts ⊚⇒111—Petition to restrain change in location of school, showing no injury to any one or protest against conveyances of property, held to state no ground for injunction.**

Petition to restrain change of location of school, failing to allege that new location is not more centrally located than old one or that any one would be injured by change, and showing no notice of appeal or protest from action of board in conveying old property and purchasing new property, held to state no ground for injunction.

**11. Injunction ⊚⇒74.**

Parties seeking to restrain public officers from performing official acts must show an interest in subject-matter and how they would be injured by such acts.

**12. Schools and school districts ⊚⇒111.**

Where petition was inadequate to justify injunction to restrain school districts from changing location of school, it is immaterial whether district obtained permission from state board of education to make exchange of properties.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by A. J. Chestnut and others against the Los Angeles Heights Independent School District and others. Judgment for plaintiffs,

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and defendants appeal. Reversed, with directions.

Cunningham & Moursund, of San Antonio, for appellants.

Mason Williams, Boyle, Ezell & Grover, and J. D. Wheeler, all of San Antonio, for appellees.

FLY, C. J. A. J. Chestnut and Mrs. Noah Allen, describing themselves as resident taxpayers of the Los Angeles Heights independent school district, brought this action against that district, J. C. Arnold, the president of its board of trustees, W. E. Shaw, its secretary, and G. W. Mitchell, a contractor engaged in erecting a school building in the district. It was alleged that the board of trustees had passed a resolution, on September 7, 1926, to change the location of the Woodlawn Hills public free school from its location on tracts 126, 127, and 128, block H, to tract 35, block B, the land first named having been exchanged for the last-named tract, and the board of trustees had entered into a contract with G. W. Mitchell to erect a school building on said tract 35, and that he was then constructing the building. It was further alleged that the board of trustees were moving the location of the school without the permission of the state board of education; that appellees had on September 25, 1926, appealed from the order changing the location of the school to the state superintendent of public instruction, which appeal was still pending. An injunction was sought to restrain the erection of the school building, and a temporary injunction was granted "until the final determination of the appeal to the state superintendent of public instruction." The application for injunction was made on September 28.

[1-3] Appellees appeared in a court of equity to apply for equitable relief, and they, in order to obtain the relief sought, were bound to present a bill showing that they had used diligence in coming into the court after exhausting their legal remedies in a reasonable time. The principle which underlies all equitable remedies is embodied in the old maxim: "Equity aids the vigilant, not those who slumber on their rights." That maxim is closely related to another, that, "He who seeks equity must do equity." These principles are those of justice and right and run like a scarlet thread through the warp and woof of equity jurisprudence. The power to interfere by injunction with the affairs of the citizen is purely equitable and must be governed strictly by equitable principles. Any delay that places the party sought to be restrained in a worse position than if there had been prompt action, and lulled him by inaction to expend money which might have been averted by prompt action, may defeat the remedial right. The effect of a delay in seeking legal redress or equitable remedy will be considered in testing a bill for an injunction.

A comparatively short delay might be fraught with such dire consequences to a defendant that a court of equity would deny injunctive relief. As said in a quotation from an English judge in Pomeroy's Equity Jurisprudence, § 1442:

"The doctrine of laches in courts of equity is not an arbitrary or technical doctrine. Where it would be practically unjust to give a remedy, either because the party has, by his conduct, done that which might fairly be regarded as equivalent to a waiver of it, or where, by his conduct and neglect, he has perhaps not waived that remedy, yet put the other party in a situation in which it would not be reasonable to place him if the remedy were afterward to be asserted in either of these cases, lapse of time is most material."

[4] No one has the right to so act or remain inactive when action is demanded, and cause another party to so change his condition as that great damage will be inflicted on him by granting the remedial writ. As said by the Supreme Court of Rhode Island, Chase v. Chase, 20 R. 1. 202, 37 A. 804:

"Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another."

[5] Whether a delay in seeking equitable redress will estop a party from obtaining redress does not depend upon the lapse of time alone, but upon all the circumstances attending the case. A year's delay might not injure the party sought to be restrained, while a few days under other circumstances might seriously affect his rights and those of innocent parties dealing with him. These are the rules to be applied to the allegations of facts in this case, upon which allegations the writ of injunction was granted.

[6, 7] There is no allegation in the petition the appellees at any time ever appeared before the board of trustees of the school district and entered their protest against the proposed removal of the schoolhouse, from one part of the district to another, nor that any notice was ever given the board that an appeal was contemplated, and the presumption from the allegations would be that appellants had no notice of any appeal having been taken until they were served with notice that an injunction had been applied for. The allegations do not indicate that the board of trustees ever knew that appellees had any objections to the removal of the schoolhouse from the old to the new location, and could not have known that appellees, without coming before the board and without giving notice of any dissatisfaction with the action of the board, had determined, at some time and place not shown, between themselves to appeal to the state superintendent of public instruction. If any papers were sent up to the superintendent, the petition fails to disclose the fact. We have only the conclusion of the pleaders "that on the 25th day of Sep-

(287 S.W.)

cember, 1926, your petitioners appealed from the order changing the location of said school and from the order exchanging the said property." The petition states that "such appeal is in compliance with the statutes in such case made and provided," but how appellees complied with the law does not appear. This was a mere legal conclusion and not a statement of facts.

[8, 9] There is no allegation that appellants secretly passed a resolution to move the school, or secretly exchanged the old property for the new, or secretly entered into a contract for building the schoolhouse, and it must be presumed that all these acts were openly done and that appellees had full notice of them. And yet for more than two weeks they sat calmly by and allowed innocent parties to exchange their property for the school and allowed a contractor to enter into a building contract to begin the erection of the schoolhouse. It is true that the law does not prescribe the length of time in which an appeal from the action of a board of trustees can be taken, but the rules of equity do demand that such diligence must be used as will prevent innocent parties from being injured.

It may be that appeals from boards of trustees to the superintendent are free and easy affairs, but justice and equity require that the perfection of appeals should have some degree of publicity, that some notice should be given of the intention to appeal so that rights of third parties will not be jeopardized, and that the innocent bystander be given some opportunity to protect his interests.

[10] The allegations in the answer show that no notice was ever given of an appeal or protest made to the action of the board in making a deed to the old property or receiving a deed to the new property, and there is no ground alleged in the petition entitling appellees to a writ of injunction.

[11] This is a suit to restrain public officers from performing certain official acts, and it devolved on appellees not only to show that they had an interest in the subject-matter but how they will be injured by the acts of which complaint is made. Caruthers v. Harnett, 67 Tex. 127, 2 S. W. 523; Jung v. Neraz, 71 Tex. 396, 9 S. W. 344. There is no allegation in the petition showing that the new location is not more centrally located than the old one, nor how any one will be injured by the change. There is a dearth of facts in the petition.

[12] The petition being inadequate to justify an injunction, it does not matter that appellants did or did not obtain permission from the state board of education to make the exchange of properties.

The judgment is reversed, the injunction is set aside, and it is here ordered that the suit be dismissed by the district court.