**ARNESON et al. v. SHARY et al.**
No. 8336.

Court of Civil Appeals of Texas. San Antonio.
Feb. 12, 1930.

Neal A. Brown and J. F. Carl, both of Edinburg, for appellants.

Andrews, Streetman, Logue & Mobley, of Houston, and Strickland & Ewers, and J. Q. Henry, all of Mission, for appellees.

FLY, C. J.

A. O. Arneson and wife, Mary Arneson, and twenty-three other citizens of Hidalgo county, as well as the First National Bank of Mission, instituted suit against John H. Shary, United Irrigation Company, and Hidalgo County water control and improvement district No. 7, seeking a mandatory injunction to carry out the terms of a water contract under which they claimed the right to receive water for irrigating and domestic purposes; said contract having been entered into by United Irrigation Company, owned by John H. Shary, and to serve the lands of appellants with water, upon the same terms and conditions as are made with all other landowners "and those in possessory right of land within the boundaries of said United Irrigation Company Water District; and further that the last named company be restrained from levying, assessing or collecting taxes on the lands of the complainants to pay interest and create a sinking fund on bonds issued by it, and that the Water Control and Improvement District be enjoined from collecting 'a flat water tax' of said lands." This is the gist of the prayer, which is rather long, covering three typewritten pages of the transcript. The suit was dismissed as to John H. Shary, individually and as owner of the United Irrigation Company. The court sustained pleas in abatement as to the misjoinder of parties plaintiff, parties defendant, and causes of action.

The lands of the different plaintiffs were all within the bounds and formed a part of the United Irrigation District, of which John H. Shary was the owner, and were entitled to all the rights, powers, and privileges granted under a water contract made by said irrigation company on December 21, 1915. It was alleged that the contract was an agreement to furnish water, which ran as a covenant with the land when it was conveyed to appellants by John H. Shary; and that all the land was situated in the northern part of the United Irrigation Company district, and had been for many years. It was shown that Hidalgo County water control

and improvement district No. 7 had been organized and had bought from the United Irrigation Company all the canals, laterals, pumping equipment, easements, and rights of way of the northern part of the United Irrigation Company's district, in which is situated the lands of each and all of the appellants, which became under such sale a part of the new district. It was also alleged that bonds in the sum of $2,700,000 bearing interest at 6 per cent. per annum, were about to be issued, and that a tax has been levied upon the property of appellants to pay on the sinking fund and the interest on said bonds; and that said water control and improvement district proposes to levy a flat rate tax on each acre of the land of each of the appellants. It was further alleged that the two companies had conspired to destroy the contract of appellants with the United Irrigation Company and to obtain new and exorbitant taxes from appellants in the interest of the water control and improvement district.

██ It was the rule of the common law that no one could be a plaintiff unless he was alone, or jointly with his coplaintiffs, entitled to a recovery of the whole subject-matter of the suit, and that no one could be a defendant unless he was alone, or jointly with the other defendants, liable for the entire demand. This, however, is not the rule in equity. As said in Pomeroy, Eq. Jur. § 114: "The governing motive of equity in the administration of the remedial system is to grant full relief, and to adjust in the one suit the rights and duties of all the parties, which really grow out of or are connected with the subject-matter of that suit. Its fundamental principle concerning parties is, that all persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject-matter and the relief granted that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit. * * * The primary object is, that all persons sufficiently interested may be before the court, so that the relief may be properly apportioned, and the incidental or consequential claims or interests of all may be fixed, and all may be bound in respect thereto by the single decree." In the succeeding paragraph the great teacher of equity shows that all the rights and liabilities of the different parties growing out of a common subject may be adjusted and settled by a court, giving to each in one decree the relief to which he is entitled, and against each of those who are liable, and so frame the decree as to bar all future claims of any party before it, which may arise from the same subject-matter. These rules are not only just and right, but are reasonable as preventing a multiplicity of suits and building up excessive costs which are essentially unnecessary, and they unmistakably would permit the joinder of the different plaintiffs who have personal rights growing out of the identical facts and circumstances and of the two defendants who are charged with a common wrong.

██ The cause of action grows out of a breach of the same contract, the same wrongs perpetrated through the actions of the same parties, and a court of equity would not compel each one of the applicants for a writ of injunction to restrain the same wrongful acts, to file a suit. Jung v. Neraz, 71 Tex. 396, 9 S. W. 344; Galveston, H. & S. A. R. Co. v. Heard (Tex. Civ. App.) 91 S. W. 371; American Rio Grande Irrigation Co. v. Karle (Tex. Civ. App.) 237 S. W. 358; City of Corsicana v. King (Tex. Civ. App.) 3 S.W.(2d) 857.

We think the court erred in sustaining the pleas of misjoinder of persons and actions and in dismissing the suit, and the judgment will be reversed, and the cause remanded.