## ANDREWS et al. v. SMITH.

### No. 8458.

Court of Civil Appeals of Texas. Austin.

March 25, 1936.

Rehearing Denied April 15, 1936.

494

Wm. McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen. (Kenneth McCalla, of Houston, of counsel), for appellants.

George Mendell and W. R. Smith, Jr., both of Austin, for appellee.

BLAIR, Justice.

This proceeding was instituted by appellee, W. R. Smith, Sr., as a citizen and taxpayer of Travis county, Tex., for himself and other taxpayers of the state of Texas, against the Board of Pardons and Paroles and the individual members thereof, seeking to temporarily and upon final hearing to perpetually restrain them from moving the offices, files, records, etc., of said board from the State Capitol Building at Austin, to Huntsville, Tex., and from complying with the provisions of chapter 348, Acts Reg. Sess. 44th Leg., 1935, p. 831, § 1 (Vernon's Ann.Civ.St. art. 6203, § 22), which reads as follows: "The Board of Pardons and Paroles, created and existing by reason of Chapter 45, Acts First Called Session Forty-First Legislature, shall hereafter have their offices in or adjacent to the central unit of the Texas Prison System at Huntsville, Walker County, Texas. It shall be the duty of the General Manager of the Prison System to provide such offices, properly furnished."

George H. Sheppard, State Comptroller, and Charley Lockhart, State Treasurer, were also made parties defendant; and appellee prayed that they be restrained from issuing or paying any warrant on or out of any public fund of this state for the purpose of paying the expenses of moving the offices of said Board of Pardons and Paroles, or in any manner carrying out the provisions of said act.

As grounds for the injunction, appellee alleged that the act requiring the removal of the offices of the board is illegal and unconstitutional, because the original act of 1905 and each amendment thereafter (see Vernon's Ann.Civ.St. art. 6203), including chapter 45, Acts 1st Called Sess. 41st Leg., 1929, p. 99, provide that the said board is a part of the executive department of the government, which, under section 1, art. 4 of the Constitution, is required to be maintained at the seat of government at Austin, Tex. That the said act is repugnant to section 48 of article 3 of the Constitution, which inhibits the Legislature from levying taxes or imposing burdens upon the people except to raise sufficient revenues for the economical administration of the government; and that to carry out the provisions of the act would impose a burden in excess of $50,000, as shown by the items enumerated in the petition, upon appellee and all other taxpayers in Texas. That in the discharge of the duties imposed by the act on the Board of Pardons and Paroles it must have constant access to records in the office of the Secretary of State and in the Court of Criminal Appeals; and that if the offices of the board were removed from Austin, certified copies of said records would add such an expense and burden to the taxpayers as would violate the Constitution; that it would be impossible for the board to discharge the manifold duties exacted of it by the law if it were located at Huntsville, without additional funds and revenues; and that the enforcement of the act will result in gross inconvenience to thousands of citizens of Texas, and the expense of moving the offices of said board from Austin to Huntsville would require the sum of $15,000, which would be a useless and unnecessary expenditure of public funds. That the act requiring the removal of the offices of the Board of Pardons and Paroles to the State Penitentiary at Huntsville, and requiring the penitentiary authorities at Huntsville to provide quarters or offices for said board is in direct conflict with article 665, R.S.1925, as amended by Acts 1930, 5th Called Sess., c. 63, § 1 (Vernon's Ann.Civ.St. art. 665), which vests the authority in the State Board of Control to allocate and control the offices of the public buildings of this state.

Two members of the Board of Pardons and Paroles, as such board and individually, filed an answer, in which they admitted, in effect, the truth of the allegations of appellee. The Attorney General filed a plea in abatement seeking to strike out the answer of the board and its members, alleging that the board was an agency of the state, an adjunct to the Governor's office, and that it performed only governmental functions as a Board to advise with the Governor in the matter of extending or granting clemency to convicts and prisoners; and that the suit against the board and its members was therefore a suit against the state, which the Attorney General alone was authorized to defend. The Attorney General also filed a plea in abatement that since the suit was against the state, it could not be maintained

without its consent. These pleas were overruled; and the Attorney General further answered for all defendants by a general denial and special pleas that the act in suit did not violate any provision of the Constitution nor laws of this state.

After a hearing, the trial court granted the temporary injunction as prayed for by appellee; hence this appeal, which the Attorney General has perfected in the name of all defendants named in appellee's petition, as well as in the name of the State of Texas.

 Whether the act is illegal, unconstitutional, or inoperative for any reason need not be determined in this case. Nor is it necessary to determine whether appellee's suit is one against the state without its consent, because appellee neither alleged nor proved that the Board of Pardons and Paroles was attempting or threatening to move their offices from the State Capitol to Huntsville, Tex.; nor did appellee allege or prove that the State Comptroller or State Treasurer were attempting or threatening to issue or pay any warrant for the purpose of paying the expense of removing the offices of the Board of Pardons and Paroles from Austin to Huntsville, Tex. The rule of law is settled that an applicant for an injunction must show that he is entitled to the injunction in accordance with some principle of equity, and that the relief which he is entitled to requires the injunction. He must allege and prove a threat or imminent probability that the injury of which he is complaining is about to occur, and will probably occur unless the injunction is granted as prayed for. Freeman v. Miller, 53 Tex. 372; Los Angeles Heights Independent School Dist. v. Chestnut (Tex.Civ.App.) 287 S.W. 693; Wright v. Wright, 3 Tex. 168; Shaw v. Hinton (Tex.Civ.App.) 31 S. W.(2d) 478; T. Ratto & Co. v. Levy Bros. & Co., 63 Tex. 278; 24 Tex.Jur. pp. 225–228, §§ 170–172. In the instant case, the undisputed record not only shows that the Board of Pardons and Paroles and its members were not intending or threatening to move their offices from Austin to Huntsville, but they are contending that the act which requires them to do so is not enforce-. able, as being in violation of the statutes and Constitution of this state. Neither the Comptroller nor the State Treasurer was threatening or attempting to issue or pay any warrant for the removal of these offices as required by the act.

 It is also the settled rule in this state that, "if proper disposition of a case may be made without consideration of a question as to the constitutionality of a statute, that question should not be passed upon by the court." 9 Tex.Jur. 467, § 50; Kean & Crofford Co. v. City of Dallas (Tex.Civ.App.) 244 S.W. 655; Rumbo v. Winterrowd (Tex. Civ.App.) 228 S.W. 258. Especially should this be the rule where the court passing on the question of constitutionality of a statute is a trial or an intermediate appellate court.

We reverse the order appealed from, and dissolve the injunction.

Judgment of trial court reversed; injunction dissolved.