## M. S. DUNN ET AL. v. THE CITY OF AUSTIN.

### No. 6910.

1. **Injunction Against Nuisance.**—There is no doubt of the power of a court of equity to enjoin a threatened injury when it is made clearly to appear that without relief irreparable injury must result.

2. **Graveyard.**—That a cemetery is not a nuisance *per se* would seem to be a self-evident proposition, and it is well settled by the authority of many adjudicated cases.

3. **Pleading—Injunction—Nuisance.**—It is not enough for parties complaining of a nuisance simply to allege that particular consequences will follow from it; facts must be stated so that the court can see and determine whether the allegation is well founded.

4. **Pleadings.**—See allegations held insufficient to sustain an injunction.

APPEAL from Travis. Tried below before Hon. W. M. Key. The opinion states the case.

*Fisher & Townes,* for appellants. —1. A private citizen may sue to abate or enjoin a public nuisance if it occasion special damage to him. Jung v. Neraz, 71 Texas, 396; Hawes on Parties, sec. 30; Brighton v. Fall River, 113 Mass., 218.

2. Where two or more persons have separate and distinct tenements which are injured or rendered uninhabitable by a common nuisance they may join in action to restrain same; and when the number of such persons so situated is large a part may sue for the whole. Hawes on Parties, sec. 30; Cordigon v. Brown, 120 Mass., 493; Robinson v. Bough, 31 Mich., 291; Middleton v. F. R. Co., 27 Mich., 534.

3. A municipal corporation is subject to the same rules and principles of law in regard to nuisances as private individuals. 1 Dill. on Mun. Corp., p. 378, and note; Wood on Nuis., sec. 743, p. 779; Haskell v. New Bedford, 108 Mass., 217.

4. The maintenance of a cemetery in a thickly settled place, where

the health of the surrounding proprietors is injured by fouling the air and poisoning the water of their wells, is a nuisance working special injury to such proprietors, and will be enjoined at their instance. Jung v. Neraz, 71 Texas, 396; Clark v. Lawson, 6 Jones' Eq., 83; Ellison v. Cain, 5 Jones' Eq., 57; Barnes v. Holton, 54 Me., 224; Blank v. Klumpk, 29 Cal., 159; Wood on Nuis., sec. 771, and note; 2 Wood's Ry. Law., pp. 1378, 1379, and authorities cited; 2 Greenl. on Ev., sec. 466.

5. In setting out his cause of action the plaintiff is not required to give in detail the evidence on which he relies to support his case. A statement of his right in the subject matter affected, the wrongful acts of the party complained of, and the injury resulting to him from such acts is all that good pleading requires. A demurrer admits the truth of all the allegations. Rules for Dist. Cts., No. 2; Sayles' Texas Civ. Stats., art. 1187, and cases cited in notes 1, 2, 3, 4.

6. If it be conceded that a cemetery is not a nuisance *per se*, it does not follow that if the facts exist which will make it a nuisance in the particular case, that it must be established and the health of the surrounding proprietors actually impaired before their right to injunction attaches. The jurisdiction of courts of equity extends to the prevention of threatened injuries as well as to the suppression of present wrongs. If the rule be otherwise, how sick shall the party become, or how many members of his family shall he be required to see die, before he will be permitted to sue out the restraining process? The difficulty the plaintiff may have in proving his case to the satisfaction of the court or jury is no reason for holding, as a matter of law, that the facts, if true, do not constitute a good cause of action.

*Fiset & Miller*, for appellees. — 1. The petition must state such facts that the court can judge for itself whether the proposed threatened acts complained of will constitute a nuisance, or the injunction will be denied. Opinions, inferences, and conclusions of plaintiff are not sufficient, nor are allegations on information and belief. Wood on Nuis., secs. 788–790; Kingsbury v. Flowers, 65 Ala., 479; Adams v. Michael, 38 Md., 123; Rouse v. Martin, 75 Ala., 510; Thebaut v. Canova, 11 Fla., 167; Bowen v. Mauzy, 19 N. E. Rep., 526; Begein v. City, 28 Ind., 79; Smith v. McAnathy, 11 Mo., 245.

2. A cemetery is not a nuisance *per se*, but may or may not become a nuisance according as it is conducted. An injunction will not be granted to prevent a threatened nuisance unless it appears that the thing proposed will be a nuisance *per se*. The court will not declare in advance that it will be so used as to become a nuisance. Kerr on Inj., p. *339; Ellison v. Commissioners, 5 Jones' Eq., 85; Kingsbury v. Flowers, 65 Ala., 479; Lake View v. Letz, 44 Ill., 82; Musgrove v. Catholic Church, 10 La. Ann., 431; Lake View v. Cemetery Co., 70 Ill., 191; Upjohn v. Richland, 46

Mich., 542; Greencastle v. Hazelett, 23 Ind., 186; St. Louis v. Knapp, 6 Fed. Rep., 221; Rounseville v. Kohlhein, 68 Ga., 668; Shivery v. Streeper, 3 So. Rep., 865; Walcott v. Melick, 3 Stockt., 204; Shirer v. Olinger, 50 Ia., 571; 73 Am. Dec., 113, note.

3.     Where the threatened nuisance is doubtful, eventual, or contingent, and where it is not made to appear that the thing can not possibly be done without becoming a nuisance, the injunction will be denied.

4.     The location of the proposed cemetery having been made with the sanction of the legally authorized corporate authorities, the cemetery will not be a nuisance and its use for burials enjoined unless it appears that the corporate authorities acted illegally and dishonestly.     Austin City Charter, Spec. Laws 18th Leg., p. 40; Cool. on Const. Lim., p. *385, note 2; Upjohn v. Richland, 46 Mich., 549; Bacon v. Walker, 77 Ga., 336; Ryan v. Coper, 11 Rich. Law, 217; High on Inj., secs. 785, 797; Greencastle v. Hazelett, 23 Ind., 186; Trustees v. Utica, 6 Barb., 318.

STAYTON, CHIEF JUSTICE.—The petition in this cause, on demurrer, was held insufficient, and there being no request for leave to amend, the injunction granted in chambers was dissolved and the bill dismissed. From that judgment this appeal is prosecuted, and that the averments of this bill may be understood we have inserted it.     It is as follows:

"1.     Your petitioners, M. S. Dunn, H. A. Fitzhugh, Levi Scott, William Wellmer, and Vories P. Brown, all of whom reside in Travis County, Texas, complaining of the city of Austin and J. G. Palm and Swante Palm, who reside in the State and county, respectfully represent:

"2.     That the city of Austin is a corporation duly and legally chartered under and by virtue of an act of the Legislature of said State of Texas, entitled 'An act to incorporate the city of Austin,' approved April 5, 1873, and an act amendatory thereof, approved April 17, 1883, having its locus and principal place of business in said State and county.

"3.     That the petitioners bring this suit in their own behalf and in the interest of a large majority of the inhabitants and real estate owners of the northeastern part of said city, and the territory contiguous thereto known as outlots Nos. 36, 37, 38, 45, 46, and 57, subdivision B, said parties numbering say 750 persons, and being too numerous to all join herein by name.

"4.     That the old city cemetery of said city of Austin is located in outlot 40, division B, in the northeastern part or corner of the corporate limits of the said city, and the lands owned and inhabited by petitioners and those for whom they act lie in that neighborhood, almost surrounding said cemetery—some immediately adjacent thereto and some separated therefrom a short distance by intervening property.

"5.     That said section of said city and the adjacent territory so owned and occupied by plaintiffs and those they represent is thickly settled, a

large portion of the inhabitants of said city, to-wit, say 750, having residences and doing business therein.

"6. That heretofore, to-wit, on or about July 3, 1888, defendant J. G. Palm, acting with full knowledge, consent, and approval of defendant Swante Palm, who then owned and now owns the land embraced in said proposition, and for whom, as plaintiffs are informed and believe, said J. G. Palm was acting, proposed to the city council of said city of Austin to enlarge the limits of said old city cemetery by adding thereto about two acres of ground, offering to give the city twenty lots and to use the remainder himself for speculative purposes in selling burial lots therein.

"7. That thereafter, on September 3, 1888, the said city, by resolution of its council, accepted a modification of said proposition, by which it was to receive from said Palm twenty-four lots, and was to extend the fence so as to include the addition proposed by him and give to him the right to use same for cemetery purposes, a copy of which resolution, marked 'Exhibit A,' is hereto attached and prayed to be taken as part hereof.

"8. That thereafter, to-wit, on or about September 3, 1888, said J. G. Palm, again acting with full knowledge, acquiescence, and consent of said Swante Palm, owner aforesaid, proposed still further to enlarge the boundaries of said cemetery so as to make it include an eight acre tract lying adjoining thereto, he proposing to give the city a portion thereof and reserve the balance for speculative purposes in sale of burial lots.

"9. That on same date, to-wit, on or about September 3, 1888, the city council accepted said second proposition by resolution of said date, a copy whereof is hereto attached, marked 'Exhibit B,' and prayed to be taken as part hereof. That said land referred to in said propositions and resolutions lies immediately northeast and by the side of and adjoining the old city cemetery, and is part of outlot No. 39, division B, and within the corporate limits of said city of Austin.

"10. That by provisions of the charter of said city it is authorized to acquire, own, and hold real estate for cemetery purposes without the limits of said city, and in pursuance thereof it has acquired and now owns and has in its possession a large tract of say 120 acres of land lying outside said city limits and in a sparsely settled neighborhood, reasonably accessible, and which was purchased by it for cemetery purposes, which can be used by it therefor without detriment to the health or property of any of the inhabitants of said city or other persons, but instead of using same, it, the said city, is attempting to add to the old cemetery as aforesaid.

"11. That the defendants, acting together as shown by said propositions and resolutions and in divers and sundry other ways, are threatening, attempting, and proceeding to enlarge the said old cemetery and

appropriate said eight or ten acres of land lying within the city limits, and in a thickly settled and inhabited portion thereof, to be used for purposes of burial of dead bodies.

"12.    That to so do will largely damage and irreparably injure your petitioners and those for whom they act in a special manner—in decreasing and depreciating the value of their respective properties aforesaid situate adjacent and near thereto; in contaminating the atmosphere around and over the same and poisoning the waters of their wells with noxious gases and other deleterious substances, thereby rendering their said premises sickly and making it dangerous to the health of themselves and families to live thereon or use same for business purposes; depriving them to a large extent of the use and enjoyment thereof, for which injury and damage there is and can be no adequate remedy at law. Wherefore plaintiffs, for themselves and in behalf of those whom they represent, pray your honor now to issue your most gracious writ of temporary injunction, restraining and enjoining the said city of Austin, J. G. Palm, and Swante Palm, and each of them, and their respective officers, agents, and servants from in anywise establishing said additions to said cemetery, or either of them, or using said land in any way for burial purposes.

"Premises considered, plaintiffs pray for citation in terms of the law against each of the above named defendants, and on final trial for perpetual writ of injunction restraining and inhibiting the use of said property by defendants, or either of them, their officers, agents, or servants, for cemetery or burial purposes, and costs and general and special relief as to law and equity may pertain."

Relief is sought against a threatened injury, and there is no doubt of the power of a court of equity to grant such relief when it is made clearly to appear that without it irreparable injury will result.

"When the matter complained of is not in itself a nuisance, when it is not in its very nature hurtful to others, when it does not of necessity threaten to impair materially the health and comfort of those who may live near it, and the fact that it is a nuisance has not been established at law, the court abstains from interference, unless a case of pressing necessity is shown by the bill and by the proof." Bosser v. Randolph, 7 Porter, 238. "Nor will the court interfere when the thing complained of is not in existence, but may be called into existence by threatened acts of the defendant in the exercise of his lawful dominion over his property, and it is uncertain, dependent on the circumstances in the future, whether it will or not operate injuriously." St. James Church v. Arrington, 36 Ala., 546; Kingsbury v. Flowers, 65 Ala., 484; Ellison v. Commissioners, 5 Jones' Eq., 58; Lake View v. Letz, 44 Ill., 82; Musgrove v. Catholic Church, 10 La. Ann., 431; Lake View v. Cemetery Co., 70 Ill., 192; Begoin v. The City, 28 Ind., 81; Adams v. Michael, 38 Md., 123; High on Inj., 742; Wood's Law of Nuis., 796, 797.

That a cemetery is not a nuisance *per se* would seem to be a self-evident proposition, and is well settled by the authority of many adjudicated cases.

There is no doubt, however, that from its locality or manner of use it may become a nuisance.

The inquiry in this case is, does the petition allege the existence of such facts as show with reasonable certainty that a nuisance will be brought into existence, and that the petitioners and those whom they assume to represent will suffer injury thereby unless the relief prayed for is granted?

The rules applicable to the pleadings in this class of cases have been frequently considered and stated.

In Kingsbury v. Flowers it was said: "Facts and circumstances should have been stated distinctly from which the court will see plainly that if future interments on these grounds are not prevented there would be a diminution of the complainant's enjoyment of his dwelling and at least probable injury to the health of his family. It is not enough to allege simply that such consequences will result. There must be such a clear, precise statement of facts that there can be no reasonable doubt, if the acts threatened are completed, grievous injury will result.     *     *     *     Without the averment of special circumstances from which the court can be satisfied that future burials on these grounds will most probably result in a nuisance from which the complainants will suffer special injury, irreparable by the ordinary remedies at law, there should not be interference to restrain them."

The same court in speaking upon the same subject, in the case of Rouse v. Martin, 75 Alabama, 514, said: "A very strong case must therefore be made by the bill, and if there is any reasonable doubt as to the probable effect of an alleged nuisance, either on proof or affidavits, *or the construction of facts stated in the bill,* there will be no interference until the matter is tested by experiment in the actual use of the property.     *     *     *     In determining the question of interference the court will look at the facts which are stated in the bill, giving little or no weight to the mere opinion of the complainant that they will constitute a nuisance, unless such a conclusion clearly follows by proper inference from these facts."

In Adams v. Michael, 38 Maryland, 123, where an injunction was asked against threatened nuisance, the court said: "It is not enough for the parties complaining simply to allege that particular consequences will follow the erection of the factory; that may be their opinion or apprehension, but facts must be stated so that the court can see and determine whether the allegation is well founded. There is no allegation in the bill before us as to the precise proximity of the intended factory to the buildings of complainant, nor are there any allegations as to the extent of the factory, what combustible materials are to be used therein, or the quantity of smoke and vapor likely to be emitted therefrom."

The same rule has been announced in many other cases. Thebaut v. Canova, 11 Florida, 167, and cases cited by elementary writers before referred to. In the notes to the case of Ryan v. Copes, 73 American Decisions, cases are very fully cited bearing on the general questions involved in this case.

In view of the rules applicable to the pleadings in cases of this character, do the averments of the petition show such facts as entitle appellants to the relief sought? There is no averment whatever as to the contemplated mode of sepulture, and the entire basis of the claim that injury will result from the addition to the cemetery in use is found in the fact that the addition is somewhere in the vicinity in which appellants and others own property and reside. It is not averred that any part of the lands so owned are even contiguous to that intended to be added, and so far as can be ascertained from the petition the one may be so far removed from the other as to render injury impossible.

In the fourth paragraph of the petition it is alleged that the lands owned and inhabited by petitioners and those for whom they act, consisting of outlots whose sizes are not stated, lie in the *neighborhood* of outlot 40, on which is the old cemetery; that the lands so owned almost surround that cemetery, some only of which are adjacent thereto, while others are separated therefrom by intervening property.

It is averred that the ground to be added consists of a part of outlot 39, immediately northeast, by the side of, and adjoining the old cemetery. The word "neighborhood" is too broad a term to meet the requirements of the law in describing the different tracts of land in a petition seeking relief on such grounds as this case rests upon. It may be true that the lands owned and occupied by appellants and others represented by them *almost surround* the old cemetery, and still their lands be so far removed from the ground proposed to be added as to make its use for burial purposes harmless to them.

The inference to be drawn from the averments is that the lands owned and occupied by appellants and others are nearer to the present cemetery than is agreeable to them, but it is not their proximity to that of which they complain. It appears, however, that some of the lands owned and occupied are separated from the present cemetery *a short distance* by intervening property.

This averment, like the others, does not inform the court what the situation of the property proposed to be added is in relation to that owned and occupied by about 750 inhabitants.

In the eleventh paragraph of the petition it is alleged that the land intended to be added to the cemetery is within the city limits and in a thickly settled and inhabited part.

This averment is as general as those before referred to, and taken all together they gave to the court below no such definite information as to

the relative situation of all the property as was necessary to enable it to make some reasonable estimate of the probability that the contemplated use would operate injuriously to appellants.

No statement is made as to the character of the land intended to be added to the cemetery, nor as to that owned and occupied by appellants and others, nor as to the altitude of the one or the other, nor as to the natural drainage.

The twelfth paragraph of the petition states no fact, and only draws conclusions from many general statements made in other parts already noticed, but the conclusions are not such as naturally or necessarily result from the facts stated.

A loss caused by an unlawful act is, within the meaning of the law, an injury for which damages may be recovered, and when through such an act threatened it is made to appear that a nuisance will be created, the act may be prevented by injunction; but a loss resulting from an act lawful within itself furnishes no ground for the recovery of compensation nor for restraining the actor from the exercise of a legal right.

The use of grounds for a cemetery, either public or private, is not unlawful; hence when so used no nuisance is created, unless from the manner of the use the atmosphere surrounding other property be rendered unwholesome or offensive, water in wells, springs, or reservoirs be injured by poisonous matter exhaled or otherwise thrown out, or unless the soil of other property through such use becomes impregnated with unwholesome or noxious matter from which injury results.

In such cases the physical effect of nuisance passes to the property of others and thereby works injury.

It may be that proximity to a cemetery will render property less valuable than it would otherwise be, but this furnishes no reason why the owner of ground so used should be restrained from continuing the use so long as that does not create a nuisance.

The case of Jung v. Neraz, 71 Texas, 396, is cited in support of the sufficiency of the petition in this case, but the averments of the petition in that case were as specific as, in case of threatened injury of the character complained of, they could well be made.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered May 24, 1889.