## WORM et al. v. WOOD et al.   (No. 9348.)

(Court of Civil Appeals of Texas. Ft. Worth. April 17, 1920.)

1. **Injunction** ⊜172—**Motion to dissolve temporary injunction, denying equity to plaintiff's bill, held an "answer," within statute as to dissolution of injunction.**

Motion to dissolve temporary injunction, containing demurrers and exceptions to plaintiffs' petition and a positive and direct denial of all the equities pleaded, in the form of a regular answer to the merits of the case, held an answer, within Vernon's Sayles' Ann. Civ. St. 1914, art. 4663, requiring an "answer" denying material allegations of plaintiff's petition as a condition precedent to dissolution of injunction before final hearing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Answer.]

2. **Pleading** ⊜8(2) — **Allegation that houses would constitute a public and private nuisance held conclusion of pleader.**

In suit to enjoin construction of certain houses on land adjoining that owned by plaintiffs, allegation that the houses which plaintiffs were threatening to build would constitute a public and private nuisance held a conclusion of the pleader.

**3. Nuisance ⚙➞3(1)—Cheap houses not "nuisance per se."**

The construction of numerous small cheap houses of secondhand lumber and of poorest workmanship, and crowded together on land adjoining expensive dwellings, will not be enjoined; such houses not constituting a "nuisance per se," even though unsightly and out of keeping with the residences on adjoining land, and even though they increase the danger of loss by fire, and increase the cost of insurance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Nuisance Per Se.] .

**4. Injunction ⚙➞175—Refusal to admit testimony to controvert allegations in answer on motion to dissolve temporary injunction not error where petition did not warrant issuance of injunction.**

On motion to dissolve temporary injunction, where plaintiff's pleadings were insufficient as a basis for issuance of injunction, court did not err in refusing to admit testimony to controvert the special allegations in defendant's answer.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by John J. Worm and others against Eugene Wood and others, in which George H. Parvin intervened. From an order dissolving a temporary injunction, plaintiffs and intervener appeal. Affirmed.

Burkett, Anderson & Orr, of Eastland, for appellants.

Harrison, Cavin & Key, of Eastland, for appellees.

DUNKLIN, J. John J. Worm and another citizens of the city of Eastland instituted this suit in the district court of Eastland county against Eugene Wood and others to restrain them from erecting certain buildings on property held by defendants under a five-year lease, and adjoining other property owned by plaintiffs and occupied by them, respectively, as their homes in the city of Eastland. On September 25, 1919, plaintiffs' original petition, which was duly verified, was presented to the judge of the court, who, upon a consideration of the same, ordered it filed and directed the clerk of the court to issue the temporary writ of injunction therein prayed for, restraining the defendants from erecting the buildings. On October 2, 1919, George H. Parvin filed a plea of intervention, in which he joined with plaintiffs in the suit and adopted their pleadings. Defendants' motion to dissolve the temporary writ was sustained, and from that order plaintiffs and intervener have appealed. It was recited in the order of dissolution that the same was made upon an inspection of the plaintiffs' petition, the defendants' answer, and the motion to dissolve.

The contention presented by plaintiffs' petition as a basis for the relief sought was that the buildings which defendants were about to erect would constitute a nuisance which should be abated. Following allegations that plaintiffs owned and had established their respective homes upon their property which adjoined the tract upon which defendants had threatened to erect the objectionable buildings, the petition for the writ contained the following allegations:

"That the defendants have made arrangements to erect, and are now in the process of erecting, as plaintiffs are informed and believed, and so allege the facts to be, 42 shacks, of the size of 14 feet wide by 30 feet long, upon said premises, out of the very commonest class of secondhand lumber, intending to have each shack to contain only two rooms, of 14x15 feet each, without necessary ventilation, and of the very poorest workmanship; that, by placing that number of shacks upon such a small space of ground, same will be crowded together, not more than 10 or 12 feet apart, with practically no yard space, and with wholly insufficient room to allow sanitary living conditions; that said shacks are being constructed wholly of pine timber, with pine foundations, and that, should one of said 42 houses, or shacks, catch fire, it would be practically impossible to prevent all of said shacks burning to the ground, and would in all probability cause some of one or all of plaintiffs' houses, which are immediately adjacent to said premises, to burn down, thereby causing plaintiffs irreparable injury.

"That plaintiffs, at great cost and expense, have erected nice and comfortable dwelling houses adjoining and adjacent to said above-described premises, costing many thousand dollars, and said neighborhood was, until the attempted erection of said shacks by the defendants, a very desirable community in which to live, and if defendants are permitted to proceed with the erection of said shacks as aforesaid, same will greatly depreciate plaintiffs' property and cause plaintiffs and others in the immediate vicinity a great financial loss, which will be impossible to recover while said shacks are permitted to stand in said neighborhood; that plaintiffs are informed and believe, and, so believing, allege the facts to be, that the defendants and each of them are practically insolvent, having no property that plaintiffs are cognizant of out of which these plaintiffs could cause defendants to respond in damages by reason of the erection of said shacks, and causing plaintiffs' property to depreciate in value, and therefore plaintiffs have no adequate remedy at law, and will therefore suffer irreparable injury, unless your honor issues his most gracious writ of injunction, pending the hearing on the merits of this case.

"Plaintiffs further allege that the close crowding of shacks together will cause unhealthful and unsanitary conditions in the immediate vicinity of said premises, and that these plaintiffs, or some of them, are likely to suffer untold injury by reason of such unhealthful conditions over which they will have no control, unless your honor does issue his most gracious writ of injunction in this cause. Plaintiffs further allege that a low insurance rate against fire is a valuable asset to any community or neighborhood, which your plaintiffs' community now enjoys, and by reason of

the erection of such a vast amount of closely crowded pine shacks, the fire hazard in said neighborhood will be greatly increased, and that plaintiffs will be thereby greatly damaged financially, and that they will have no adequate remedy at law, by reason of the defendants being unable to respond in damages.

"Plaintiffs further allege that they have been informed and believe, and, so believing, allege, that the defendants are building said shacks for occupation by negroes and Mexicans and a low class of white people, which will greatly injure and practically destroy the social conditions of said neighborhood adjacent to said premises, and thereby these plaintiffs will be irreparably injured in their social as well as property rights, unless your honor does issue his most gracious writ of injunction, restraining defendants and each of them, and their agents and employés, from building said shacks as aforesaid pending the final determination of this suit on its merits; that all of above alleged facts constitute and are a public and private nuisance, and should be abated."

The defendants' motion to dissolve the injunction was filed October 6, 1919, and their answer to the petition, consisting of a general demurrer and a general denial, which was not verified, was filed November 4, 1919. The motion to dissolve contained a general demurrer and numerous special exceptions, also a special answer to the merits, which was duly verified by them, and in which they specially denied each and all the alleged equities in the bill, and in that connection they specially alleged that by the terms of the lease held by them, they were prohibited from renting any houses to be erected on the land, to any persons other than white people, and a copy of the lease, which was in accord with that allegation, was attached to the answer as a part thereof. The answer contained further allegations to the effect:

That the houses which defendant proposed to erect were designed for the purpose of supplying an urgent necessity for habitations for the rapidly growing city of Eastland, whose population, by reason of the oil boom in that vicinity, had within two years increased from about 1,000 to more than 12,000 inhabitants; that the houses, only 26 in number, which they intended to erect, "will be neat, well built, and sanitary houses, each containing three or four rooms; that the said houses will each be lighted by electricity and will have gas connections, and the tenants therein will be afforded ample bath and toilet facilities; that it is the purpose and intention of defendants to maintain, and to require their tenants to maintain the said premises in a clean and sanitary condition," etc.

The motion to dissolve the injunction was not heard until after what was designated as defendants' answer, consisting of a general demurrer and a general denial, was filed; nor was it heard until more than two weeks after notice of such motion had been given to plaintiffs' counsel. Hence, such hearing was not in violation of the provisions of article 4664, V. S. Tex. Civ. Stats., to the effect:

"In all cases of injunction, motions to dissolve the same without determining the merits may be heard after answer filed, in vacation as well as in term time, at least ten days' notice of such motion being first given to the opposite party or his attorney."

Article 4663 of the Statutes reads as follows:

"The defendant to an injunction proceeding may answer as in other civil actions; but no injunction shall be dissolved before final hearing because of a denial of the material allegations of the plaintiffs' petition, unless the answer denying the same is verified by the oath or affirmation of the defendant."

[1] The motion to dissolve contained demurrers and exceptions to the plaintiffs' petition, and a positive and direct denial of all of the equities in plaintiffs' bill. It was in the form of a regular answer to the merits of the case, and the fact that coupled with it was a motion to dissolve the injunction did not make it any the less an answer to the merits within the meaning of the last article of the statutes quoted. We do not think that the case of Dawson v. Baldridge, 55 Tex. Civ. App. 124, 118 S. W. 593, supports the contention of appellants that the motion to dissolve in this case could not be treated as an answer within the meaning of that statute. Indeed, we are of the opinion that that decision tends more to support the contrary view, since the decision was based upon an absence from the motion to dissolve of a positive and specific denial of the equities of the plaintiffs' bill, and the reversal of the judgment of the trial judge dissolving the temporary writ of injunction was predicated solely upon the fact that the allegations in the motion to dissolve were not such as equity required.

[2, 3] We are of the opinion further that the allegations contained in plaintiffs' original and supplemental petitions were not sufficient as against the defendants' general demurrer to entitle plaintiffs to the issuance of the writ prayed for. The allegation that the houses which defendants were threatening to build upon the leased property would constitute a public and private nuisance was but the statement of a conclusion of the pleader. The facts alleged as the basis for such conclusion would not constitute a nuisance per se, either public or private. It is well settled that a cemetery is not a nuisance per se to the owners of adjoining property used for the purpose of residences. Dunn v. City of Austin, 77 Tex. 139, 11 S. W. 1125; Elliott v. Ferguson, 37 Tex. Civ. App. 40, 83 S. W. 56. The same may be said of a lumber yard (Shamburger v. Scheurrer, 198 S. W. 1069), and also of a livery stable (Burditt v. Swenson, 17 Tex. 489, 67 Am. Dec. 665. See, also, Robinson v. Dale, 62 Tex. Civ. App. 277, 131 S. W. 308). In 20 R. C. L. § 45, p. 429, it is said:

"It is true as a general proposition that a proprietor enjoys a right to improve his own

property in any way he may see fit, provided the improvement is not such a one as the law will pronounce a nuisance; and this he may do, although he make such improvement through malice or ill will. And accordingly it has been held that the owner of land has the right to erect small, cheap, and movable tenement houses thereon close to the line of an adjacent owner, and let them to orderly colored tenants, although his avowed purpose is to punish the adjacent owner for refusing to sell him his land at an inadequate price, and to compel him to do so. Again, the mere unsightliness of a structure will not give it the character of nuisance."

Houses of the character of those which plaintiffs allege the defendants are threatening to build will not constitute a nuisance per se, even though they may be out of keeping with the kind and quality of plaintiffs' residences, and unsightly in appearance, and even though they may increase the danger of loss of plaintiffs' residences by fire, and also increase the cost of fire insurance thereon. Dunn v. City of Austin, 77 Tex. 139, 11 S. W. 1125.; 20 R. C. L. § 45, p. 429, and section 47, p. 431. If, in the future, they are so used that the manner of their use becomes a nuisance to the owners of the adjoining property, such use may then be enjoined; but that character of use is not inherent in houses of the character of those alleged in plaintiffs' petition, and, as the same will not necessarily follow, the building of the houses, which is lawful, cannot be enjoined. 1 High on Injunctions, §§ 743–787; Joyce on the Law of Nuisances, § 102; Rouse v. Martin, 75 Ala. 510, 51 Am. Rep. 464; Robinson v. Dale, 62 Tex. Civ. App. 277, 131 S. W. 308.

[4] As the court did not hear any evidence, but dissolved the writ upon the consideration of the pleadings alone, the statute relative to the filing of findings of fact and conclusions of law, based thereon, has no application. And, since the plaintiffs' pleadings were insufficient as a basis for the relief prayed for, there was no error in refusing to admit testimony offered by them to show the insolvency of the defendants, nor to controvert the special allegations in the defendants' answer.

Accordingly, all of appellants' assignments of error are overruled, and the judgment is affirmed.