## LANCASTER v. HARWOOD.  (No. 8935.)

(Court of Civil Appeals of Texas. Dallas. Nov. 18, 1922.)

**1. Covenants ⬅103(2)—Cannot restrain erection of servants' quarters near boundary line.**

Where the restriction in deeds to residence property expressly permitted servants' quarters, one landowner cannot restrain another from erecting on his own property, but near the boundary line between the two lots and close to the former's residence, a building to be used as a garage and as quarters for negro servants.

**2. Adjoining landowners ⬅8—Right to erect servants' quarters on property does not include right to use so as to be a nuisance.**

The right of a lot owner to erect a building near the boundary line of his property to be used as quarters for negro servants does not carry with it the right to use such improvements in a way so as to constitute a nuisance, and, if a nuisance does arise, an adjoining owner may have it abated.

Appeal from District Court, Dallas County; Royall R. Watkins, Special Judge.

Suit by Agnes Harwood against John L. Lancaster. From an order overruling the motion to dissolve a temporary restraining order and continuing the restraining order in force until the final hearing, defendant appeals. Reversed, and temporary writ of injunction, as well as the order continuing the same, dissolved.

George Thompson, of Fort Worth, and Gresham & Willis, of Dallas, for appellant.
Julius H. Runge, of Dallas, for appellee.

VAUGHAN, J. Appellee filed suit against appellant in the court below to enjoin him from constructing on premises owned by him, on which he had erected a residence to be occupied by himself and family, a combined garage and servant's quarters, to be occupied by negro servants employed in waiting on his family. Following is a general description of the location of the two lots, the foundation of this litigation: Appellant's lot fronts north 100 feet on Beverly drive, and extends back 185 feet; appellee's lot fronts south on Drexel drive, and the west boundary of same is on Oxford avenue, a distance of 95.5 feet; the south and rear boundary line of appellant's lot is a part of the north and rear boundary line of appellee's lot.

Appellee based her right to the relief sought on the ground:

"That negroes were ordinarily loud, boisterous, coarse, noisome, and immodest in their conduct and in their modes and habits of living, and are therefore undesirable as close neighbors; that negroes are ordinarily musical, and are attracted by cheap phonographs, victrolas, and other cheap musical instruments, the playing of which at close quarters is annoying and irritating and distressing to white people; that the odor from negroes' living quarters is offensive, objectionable, and undesirable, and in a southern climate is so bad as to destroy the comfortable enjoyment of life in close proximity thereto, and is offensive at a distance of 10 or 15 feet to white persons of ordinary sensibilities, and of ordinary tastes and habits; that in the hot Texas summers it is necessary for people to leave their windows open in daytime

and night in order to have free ventilation, etc.; and that the close proximity of the negroes sleeping 10 feet away would be intolerable; that the effect of building this negro servant's house within 10 feet of the sleeping quarters of white people would put the negro sleeping quarters in such close proximity to the Harwood residence as would be objectionable and would constitute a nuisance."

Appellee, in the allegations of the bill, prayed for an injunction, restraining appellant from erecting said two-story garage and servant's house at the particular place complained of. Upon presentation of said bill a temporary restraining order was issued on the 25th day of July, 1922. On September 2, 1922, appellant filed an answer, containing general demurrer, special exceptions, and special plea, setting up various defenses, to which, owing to the disposition of this appeal, it will not be necessary to more particularly refer, and on the same date filed a motion to dissolve said temporary restraining order, which was heard on September 2d, upon the petition, answer, and evidence introduced at said hearing. The trial court overruled said motion to dissolve, and continued said temporary restraining order in force until final hearing, from which order this appeal was duly prosecuted.

Analyzed, appellee's bill for relief sought rested upon the following undisputed facts alleged therein: (1) That she is the owner of certain residential property consisting of a lot with a dwelling thereon, located in block 15 of the second installment of Highland Park, an addition to the city of Dallas, and that appellant owned a certain lot in said addition adjoining her lot. (2) That the south boundary line of appellant's lot is a part of the north boundary line of appellee's lot, with no alley between. (3) That the residence on appellee's lot faces south, and the rear of her residence is to the north, and situated about 7 feet south of the boundary line between the two lots. (4) That appellant was erecting a two-story garage and servant's house on his lot, and located so that the south boundary of said garage would be about 2 feet from the boundary line between said lots. (5) That the lower portion of said structure would be a garage and the upper part a servant's house, to be occupied, when completed, by negroes, as servants. (6) That the addition in which said lots are situated is an exclusive residential suburb of the city of Dallas, and that the following restrictions are contained in the deeds to appellant and appellee by which they acquired title to their respective lots:

"There shall not be erected on any one lot, as designated on the plat thereto attached, more than one residence, and necessary servant's and other outhouses, and said premises shall be used for residence purposes only, and by white persons only, not excluding bona fide servants of any race, and shall not be used for the purpose of selling intoxicating liquors."

(7) That appellee's residence faces south, and has on the second floor a bathroom and sleeping quarters. (8) That when said combined garage and servant's house shall have been constructed the second story of the servant's quarters will not be more than 10 feet from the second story of appellee's residence, and will be so situated that the rooms of the servant's house and the sleeping quarters of appellee's residence will be on the same level, and so close that there will be no privacy whatever to the parties residing in appellee's residence.

Appellant assails the order of the court, both in granting and in refusing to dissolve the temporary writ of injunction, on several grounds. However, as we view the appeal, it is only necessary to refer to the following: (a) That the petition filed in the district court does not set out any equitable ground which warranted the issuance of any restraining order; (b) that appellee's application for equitable relief was based upon her conclusions and upon fears that appellant would unlawfully use his property, and therefore stated no equities entitling appellee to relief; (c) that the evidence admitted upon the trial of the case showed without controversy that appellant was in the lawful use of his property, and that he did not intend to make use of same in any way which would affect the legal rights of appellee; (d) that according to the undisputed evidence, appellant was erecting the garage and servant's house complained of on his own land and in a lawful manner, and there was no evidence offered which would justify or warrant any conclusion that the lawful use of his property would afford appellee a right to justify the court in continuing in effect and force said restraining order; (e) that the restraining order granted has the effect to deprive appellant of the lawful use of his property, and is in violation of the provisions of the Constitution and the laws of the United States and of Texas, and therefore it was error on the part of the trial judge to refuse the dissolution of same; (f) that the restraining order should have been dissolved because it appeared from the evidence that appellant, in erecting said objectionable improvements, was in the exercise of a lawful right, and that the appellee had no right to restrain him from constructing said garage and servant's house; and that, if she had any right at all, it was simply to have the upstairs portion of said structure regulated and controlled after occupancy in a proper and lawful manner.

[1] We earnestly deprecate the inexorable mandate of the law forbidding us the privilege of following our personal sentiments, which, as individuals, we are frank to admit, are wholly with the appellee, and

which, if we were at liberty to follow, would result in granting appellee the relief sought. But we, as a court, must follow, as our only guide, the rules of law applicable alike to all, bearing in mind that the law is no respecter of persons and was not made to apply to one caste to the exclusion of another. We feel constrained to say that the record in this case discloses the inefficacy of the law to prevent all acts of injustice from being inflicted, and that, where the law is powerless in its application to prevent such injuries, the observance of the "Golden Rule" can only be looked to as a panacea in that portion of our country where there exists a just and a well-defined impassable gulf between the white element of its population and the negro race. But, as the hand of our invisible Guide leads us, we must follow on to a conclusion, ascertaining and declaring the rights of litigants as justified and determined by the established rules of law.

We have re-examined, with a great deal of care and interest, the many authorities cited in the briefs of appellant and appellee, and reach the conclusion therefrom, as applied to the facts in this case, that in granting the temporary writ of injunction there was an abuse of the discretion lodged with courts and the judges thereof in such matters. Therefore the motion to dissolve should have been sustained.

It is not necessary for us to enter into a lengthy discussion of the reasons for reaching this conclusion, as a consultation of the following authorities will amply demonstrate the correctness of same as tested by the well-understood and defined principles of law applicable thereto. Tiffany on Real Property, vol. 1, § 336; C. J. vol. 1, p. 1202; Spann v. City of Dallas (Tex. Sup.) 235 S. W. 544, 19 A. L. R. 1387. We pause to say that we have not read any stronger or more forcible application of the principles of law governing cases of this character than announced in the Spann Case, which, alone, would be sufficient to determine every issue presented on this appeal adversely to appellee. C. J. vol. 1, pp. 1210–1229; Christ Church v. Angelina Lavezzolo et al., 156 Mass. 89, 30 N. E. 471; Bryant v. Sholars, 104 La. 786, 29 South. 350; Worm et al. v. Wood (Tex. Civ. App.) 223 S. W. 1016, and the authorities cited in that opinion; Miller v. Dickinson (Tex. Civ. App.) 236 S. W. 1014; Dunn v. City of Austin, 77 Tex. 146, 11 S. W. 1125; Buchanan v. Warley, 245 U. S. 60, 38 Sup. Ct. 16, 62 L. Ed. 149, L. R. A. 1918C, 210, Ann. Cas. 1918A, 1201.

[2] The erection of the combined garage and servant's quarters will not be in violation of the restrictive provisions found in the deeds to appellant and appellee conveying the respective lots owned by them, as by special exception it is permissible to con-

struct such improvements. Of course, it is understood that the right to construct certain improvements does not carry with it a corresponding right to use such improvements in a way so as to constitute a nuisance, and, when such condition may arise, appellee will then have the remedy afforded her by law, to wit, proceedings to abate same.

What we have said necessarily results in all of appellant's contentions being sustained and all of appellee's overruled.

The judgment of the court below in refusing to dissolve said temporary writ of injunction is reversed, and said temporary writ of injunction, as well as the order continuing same in force and effect, is hereby in all things dissolved.

Reversed and rendered.