## CITY OF LUFKIN v. BEHANNON et al.
### (No. 1696.)

Court of Civil Appeals of Texas. Beaumont.
June 16, 1928.

1. **Municipal corporations ⬉736—Erection and operation of fire station by city is lawful business, not nuisance per se.**

Erection and operation of fire station by city is lawful business and not nuisance per se.

2. **Municipal corporations ⬉742(4)—Petition in suit to enjoin erection of fire station, wherein contiguous lot owners alleged that their property would be diminished in value, did not allege conjectural injuries.**

Where owners of lots contiguous to lots whereon city contemplated erecting fire station brought suit to enjoin city, alleging that they had resided in homes erected on their lots for many years, and that fire station would cause disturbing noise seriously affecting enjoyment of property, and that its use for homestead purposes would be practically destroyed and market value greatly reduced, *held* that petition was not subject to criticism that injuries apprehended were only conjectural.

3. **Injunction ⬉161—Dissolution of temporary writ enjoining erection of fire station, on hearing on pleadings alone, held discretionary with judge granting temporary writ.**

Where petition for writ to enjoin erection of fire station by city showing prima facie case entitling contiguous lot owners to temporary relief was duly verified, and writ granted, and thereafter city answered under oath, denying all material allegations of petition, and moved for dissolution of writ, and hearing was had upon motion on pleadings alone, no evidence being offered by either party, *held* it was discretionary with judge granting temporary writ whether it should be dissolved or kept in force until case be heard on merits.

4. **Appeal and error ⬉954(1)—Appellate court may not reverse ruling of trial court relating to temporary injunctions unless abuse of discretion appears from record.**

To authorize appellate court to reverse trial court or judge thereof in ruling relating to temporary injunctions, appellate court must be able to say from record before it that trial court or judge abused his discretion.

5. **Injunction ⬉161—Refusal to dissolve temporary injunction restraining city from erecting fire station because of alleged damage to contiguous property held not abuse of discretion.**

Where contiguous lot owners procured temporary injunction restraining city from erecting fire station on lots which it owned because of alleged damage to property as homestead, *held* that trial court did not abuse discretion by refusing to dissolve writ on motion.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Suit by R. J. Behannon and others against the City of Lufkin. From an order refusing to dissolve a temporary writ of injunction, defendant appeals. Affirmed.

Mantooth & Denman and W. O. Seale, all of Lufkin, for appellant.

Fairchild & Redditt, of Lufkin, for appellees.

HIGHTOWER, C. J. This is an appeal from an order of the Honorable C. A. Hodges, judge of the Second judicial district, refusing to dissolve a temporary writ of injunction, by which the city of Lufkin was temporarily enjoined from erecting a fire station on certain property owned by the city. A brief statement of the case will suffice for the disposition of this appeal, since the merits of the controversy are not before us.

On January 24, 1928, the appellees, R. J. Behannon and seven other citizens of the city of Lufkin, presented to Judge Hodges their petition and prayer for a temporary injunction against the city of Lufkin, seeking to enjoin the city from erecting a fire station on lot 1 and a part of lot 2, block 23, on Shepperd avenue, in the city of Lufkin, on the ground that the use and operation of a fire station at that point, as contemplated by the city, would constitute a permanent nuisance to appellees, who own and occupy as their homesteads property adjoining and contiguous to the property upon which the city contemplates erecting the fire station.

As grounds for the writ, stated in substance, the petition shows: That the two lots upon which the city of Lufkin contemplates erecting the fire station are in the residential part of the city; that appellees are the owners of adjoining and contiguous lots, upon which they have erected homes, in which they now reside and have for many years resided with their families; that, if the city of Lufkin were to erect and operate the fire station on the property as contemplated, appellees and their families would be subjected to great and constant annoyance because of the noises that would necessarily be attendant upon the operation of the fire station; that the repairing of fire engines and fire trucks would be attended with disturbing noises, and that the blowing of fire whistles and the movement of fire trucks, which would be necessary in the operation of the fire station, would greatly annoy and disturb appellees and their families and prevent them from restful sleep at night; that, on occasions of sickness in the families of appellees, the noises that would be attendant upon the operation of the fire station by the city would greatly annoy the sick and aggravate their suffering; that the fumes from gas and liquids used in the operation of the fire station would necessarily escape and spread to the homes of appellees and greatly annoy and injuriously affect the health of their families; that the use by appellees of their property for

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

homestead purposes would be practically destroyed, and the market value of their property would be greatly reduced, if the fire station should be erected and operated as contemplated by the city; and that appellees would be thereby greatly damaged, and that they are without adequate remedy at law. The prayer was for a temporary writ of injunction, and that upon final hearing it be made permanent.

The petition was duly verified, and, upon presentation to him, Judge Hodges, without notice to the city of Lufkin, granted the temporary writ as prayed for, enjoining the city of Lufkin from erecting the fire station until the case could be heard upon its merits.

Thereafter the city of Lufkin filed its answer, and along with it its motion to dissolve the temporary writ. The answer consisted of a general demurrer, a number of special exceptions, a general denial, and special denial of all the material allegations of fact made in the petition.

By agreement of the parties, the district judge set a date for hearing the motion to dissolve, and the hearing was had upon the pleadings alone, no evidence being offered by either party, and the motion to dissolve was refused.

Appellant, city of Lufkin, attacks the ruling of the district judge in refusing to dissolve the temporary writ of injunction by quite a number of assignments of error and relevant propositions, but most of these present in different form and verbiage the same legal questions. It will suffice for the disposition of this appeal to state that appellant makes the following contentions in this court:

It is first contended that, since the petition upon which the temporary writ was granted discloses that the lots upon which the city of Lufkin contemplated erecting and operating the fire station belonged to the city, and that since the operation and erection of a fire station by the city would not be a nuisance per se, but, on the contrary, a lawful business, and that since the petition showed upon its face that the injurious results apprehended by appellees were merely conjectural and very uncertain, depending wholly upon circumstances attending the operation of the fire station in the future, the temporary writ should not have been granted, and that, having been wrongfully and improvidently granted, the judge should have sustained the motion to dissolve. The second contention made by appellant is, in substance, that, the material allegations of fact contained in the petition of appellees having been denied by appellant in its answer, which was duly verified, and there having been no evidence offered upon the hearing by appellees in support of the material allegations in their petition, the motion to dissolve should have been sustained as a matter of law. These are the principal contentions made by appellant before this court, and they will be disposed of in their order.

[1, 2] We agree with learned counsel for appellant that the erection and operation of a fire station by the city is a lawful business, and therefore not a nuisance per se, and, if it were true that the petition in this case showed upon its face that the injurious results apprehended by appellees from the erection and operation of the fire station were only conjectural, and that no facts were stated in the petition from which it might be reasonably concluded that appellees would be injured as they alleged they would be, then we would agree that the district judge was in error in granting the temporary writ of injunction, and also that he was in error in refusing to dissolve the writ upon appellant's motion therefor. But we cannot agree with counsel for appellant in their contention that the petition of appellees shows upon its face that the injuries apprehended by them from the erection and operation of the fire station are only conjectural and doubtful, because, as we have shown above, the grounds upon which the writ of injunction was sought are stated positively and clearly as facts and not as the mere conclusion of the pleader, as counsel for appellant contend. Therefore the authorities cited by counsel for appellant in their brief upon this point are not relevant. Some of these authorities are the following: Sanders v. Miller, 52 Tex. Civ. App. 372, 113 S. W. 996; Dunn v. City of Austin, 77 Tex. 139, 11 S. W. 1125; Perry v. Ripley (Tex. Civ. App.) 282 S. W. 329; Dallas Land & Loan Co. v. Garrett (Tex. Civ. App.) 276 S. W. 471; Southern Oil Corporation v. Waggoner (Tex. Civ. App.) 224 S. W. 230; Worm v. Wood (Tex. Civ. App.) 223 S. W. 1017; Robinson v. Dale, 62 Tex. Civ. App. 277, 131 S. W. 308. This court does not question the correctness of the holdings in any of these cited cases, wherein the sufficiency of the petition for the writ of injunction was under consideration, but we hold that they are not controlling in this case, since we have concluded that the petition of appellees in this case is not subject to the criticism or objection that the injuries apprehended by them from the erection and operation of the fire station by appellant are only merely conjectural, and that no facts are stated that show with reasonable probability that the apprehended injuries from the operation of the fire station would result. We therefore overrule this contention.

[3] We cannot sustain the second contention made by counsel for appellant, because it is not the rule of practice in this state that a temporary writ of injunction must be dissolved in all cases on motion therefor after the defendant has answered under oath fully denying the allegations of the petition upon which the writ is granted. Where the peti-

tion for the writ shows a prima facie case entitling the plaintiff to the temporary relief sought, and is duly verified, and the writ is granted, and thereafter the defendant answers under oath denying all the material allegations of the petition, and moves a dissolution of the writ, and the hearing upon the motion is had upon the pleadings alone, it is still discretionary with the granting judge as to whether the temporary writ should be dissolved or kept in force until the case be heard upon its merits. As said by Chief Justice Conner of the Fort Worth court, in the case of Hannah v. Russ, 238 S. W. 333:

"While a verified answer to a petition for injunction denying its material allegations will authorize a dissolution of the writ, yet it is not necessarily so in our practice. Whether, under such circumstances, the writ shall be dissolved is at least within the sound discretion of the court."

See, also, Lone Star Lodge, etc., v. Cole, 62 Tex. Civ. App. 500, 131 S. W. 1180; Harris v. Thomas (Tex. Civ. App.) 217 S. W. 1068; Moorman v. Small (Tex. Civ. App.) 220 S. W. 127; Phoebus v. Connellee (Tex. Civ. App.) 223 S. W. 1019.

[4, 5] All that the district judge has done in this matter of overruling the motion to dissolve has only the effect to hold the subject-matter of this suit in statu quo until the case can be heard and disposed of upon its merits. It is a well-settled rule in this state that, in order to authorize an appellate court to reverse a trial court or judge thereof in rulings relating to temporary injunctions, the appellate court must be able to say from the record before it that the trial court or judge has abused his discretion in the matter.

We are unable to say from this record that the district judge abused his discretion in refusing to dissolve the temporary writ of injunction, and therefore the judgment has been ordered affirmed.