# JONES et al. v. HIGHLAND MEMORIAL PARK.

### No. 12266.

Court of Civil Appeals of Texas.
San Antonio.

July 11, 1951.

Rehearing Denied Sept. 5, 1951.

Kelley, Looney, McLean & Littleton, C. E. Blodget, Edinburg, for appellants.

Smith, McIlheran & Smith, Weslaco, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Louis S. Jones, W. J. Liska, W. P. Blair, John R. T. Rives and Earl Raymond against Highland Memorial Park, a private corporation, asking that a permanent injunction be granted enjoining the Highland Memorial Park from establishing a proposed cemetery on the southern twenty acres of Farm Tract No. 248, Hidalgo County, Texas. Plaintiffs own properties which adjoin the land where defendant proposes to establish this new cemetery. Louis S. Jones owns and lives in his home directly south of said proposed cemetery. W. J. Liska owns and lives in his home which is located southeast of the proposed cemetery. They both have water wells on their property which are used to some extent for household purposes. These are shallow wells about eleven feet deep.

The trial began to a jury, but when plaintiffs rested the defendant moved for an instructed verdict which was granted, the jury discharged and judgment entered that the plaintiffs take nothing, from which judgment the plaintiffs have appealed.

Appellants contend that the evidence was sufficient to show that the establishment of a cemetery on the plot of ground above referred to and the use thereof for the purpose of burying dead bodies would contaminate and poison the water of their wells with noxious gasses and other deleterious substances because of the natural drainage from said plot of ground to the lands of plaintiffs. A number of witnesses were offered by the plaintiffs and their testimony was sufficient to establish the facts that in this section of the State there is a high water table, that in some places on the proposed cemetery ground the water table is not more than two and one-half or three feet from the top of the ground, while in other places it is some five or six feet from the top. A number of test wells had been drilled in this neighborhood and they disclosed that the water table is nearer the top of the ground along the north side of the proposed cemetery, and that as you go south and southeast it gradually becomes deeper. Jones testified that he had noticed his well filling from the north or northwest. Liska testified that he had seen water coming into the drainage tile on his property from the same direction. There was testimony that these facts could possibly indicate that the percolating and seepage water was draining from the cemetery plot onto the properties owned by appellants. There was also testimony that if dead bodies were buried in coffins that were not air-tight or water-tight in this seepage and percolating water, and such water drained from the proposed cemetery to the wells of plaintiffs, such wells would become contaminated. The evidence is not clear that the water in these wells has not already become contaminated. Louis S. Jones testified that he did not use the water in his well for drinking water—that he purchased bottled water for this purpose. He also testified that he had a septic tank and an open toilet near his well. W. J. Liska testified that he had been advised by the water department of Weslaco not to use the water from his well for drinking purposes. The evidence is entirely insufficient to show that there are any underground streams flowing from the cemetery plot to the properties owned by appellants.

We regard this testimony as insufficient to show with definiteness and certainty that there is a movement of underground water from the cemetery plot to the properties owned by plaintiffs. It will be kept in mind that appellants are seeking an injunction against appellee to prevent the establishing of a proposed cemetery, and the burden is upon them to show with definiteness and certainty that their wells will be contaminated if the proposed cemetery is opened and operated. 31 Tex.Jur. 445; Dunn v. City of Austin, 77 Tex. 139, 11 S.W. 1125.

In Elliott v. Ferguson, 37 Tex.Civ.App. 40, 83 S.W. 56, 58, the Court said: "The rule applicable to the pleadings in such cases, as we understand it, is that the petition must allege such facts as show with cogency, clearness, and reasonable certainty that the acts threatened, if done, will bring into existence a nuisance, and that the complainants will suffer irreparable injury thereby. * * *"

Furthermore, the evidence is insufficient to show that if this proposed cemetery is operated that it will be done in such a manner as to cause damage to appellants' properties. There was testimony that when a grave is dug and water is found that the grave is not used but is moved elsewhere, and, furthermore, that there are caskets which are air-tight and water-tight in which bodies may be buried, and the evidence does not show that if this policy were followed there would be any contamination of appellants' wells. In other words, the evidence does not show that the proposed cemetery will be operated in such a manner as to cause appellants irreparable damage.

There is some evidence that the surface water from the cemetery plot drained onto the properties of appellants, but there is nothing to show that this water would be in any way contaminated by bodies that had theretofore been buried several feet below the surface.

Appellants contend that the court erred in sustaining appellee's objection to the appellants' introducing any evidence as to the effect of the presence of a cemetery close to their homes, and the effect funeral ceremonies and funeral processions would have upon appellants' aesthetic senses, fears, emotions and health, and also any evidence as to the effect that the proximity of a cemetery would have on the value of plaintiffs' properties. We overrule this contention. In Dunn v. City of Austin, 77 Tex. 139, 11 S.W. 1125, 1128, the Supreme Court said: "It may be that proximity to a cemetery will render property less valuable than it would otherwise be, but this furnishes no reason why the owner of ground so used should be restrained from continuing the use so long as that does not create a nuisance."

In Elliott v. Ferguson, 37 Tex. Civ.App. 40, 83 S.W. 56, 59, writ granted on other grounds, the Court said: "The mere proximity of the proposed cemetery to appellees' property, and the consequent depreciation of its value thereby, affords them no right of action to restrain the establishment thereof. Neither will a court of equity afford protection against an imaginary or fanciful wrong and injury. However cheerless or disagreeable the view of the cemetery in question may be to appellees, and no matter what unpleasant or melancholy thoughts the same may awaken, no reason is thereby shown why appellants should be restrained from making such use of their property so long as the same does not create a nuisance by polluting the water of their springs and wells or the air in and about their homes."

In Farb v. Theis, Tex.Civ.App., 250 S.W. 290, 291, the Court said: "The use of grounds for a public or private cemetery is not unlawful, for, to provide for the repose of the dead is just as lawful, and equally as necessary, as to provide for the health and comfort of the living. The dead must be disposed of in some way, and burial in the earth, in conformity with the generally accepted plan of man's origin and destiny, seems most appropriate, and certainly is generally resorted to."

American Jurisprudence, Vol. 10, p. 498, discusses this subject as follows: "There is a well-established rule that a cemetery is not a nuisance per se. * * * A cemetery does not constitute a nuisance merely because it is a constant reminder of death and has a depressing influence on the minds of persons who observe it, or because it tends to depreciate the value of property in the neighborhood, or makes the vicinity less attractive and is offensive to the esthetic sense of an adjoining proprietor."

The judgment of the trial court is affirmed.